MILLER, Judge.
Defendant Lake Charles Catholic High Schools, Inc. d/b/a St. Louis High School appeals the judgment dismissing its third party demand against The Trane Company for $7,487.55 representing the cost of replacing an air conditioning compressor which failed after two and one-half years of satisfactory operation. St. Louis sought indemnification on the basis of a breach of the implied warranty of fitness of Trane’s product for its intended use. The trial court held that St. Louis failed to establish the defect existed at the time of sale. We affirm.
*725 St. Louis contracted with Bartley, Incorporated to construct buildings for its high school. Bartley in turn contracted with Moreno’s to supply and install air conditioning. Moreno’s purchased from third party defendant Trane as package units two 60-ton Model E Trane units complete with regulating equipment. Moreno’s installed the equipment.
The units were placed in use in August, 1969, during construction. The express one-year warranty made by both Moreno’s and Trane commenced to run on April 7, 1970 when Moreno’s work was finally accepted.
There were several malfunctions of both units and service calls promptly remedied the defects. None were related to the compressor which failed in March, 1972. The compressor on the south unit failed two and one-half years after the units were placed in service and some two years after formal acceptance.
The experts testified that the interior of the compressor had “scrambled” because of a “slugging” of liquid, either the refrigerant or oil or both. None could find a cause for the “slugging” and nothing indicated a defect in the compressor or in its related components at the time of its installation.
St. Louis claims “the benefit of implied warranty of workmanship and materials on the part of the manufacturer.” There is no request for a rescission of the sale. The applicable Civil Code articles are 2541-2544.
Although this is not a redhibitory action, the rules applicable to redhibition control. LSA-C.C. art. 2544. Louisiana has aligned itself with the consumer-protection rule, by allowing a consumer without privity to recover, whether the suit be strictly in tort or upon implied warranty. Media Pro. Consult. Inc. v. Mercedes Benz of N. A., Inc., 262 La. 80, 262 So.2d 377, 381 (1972) ; Rey v. Cuccia, 298 So.2d 840, 845 (La.1974). The warranty here referred to is the warranty that a product is fit for its intended use. LSA-C.C. art. 2476.
St. Louis has the burden of establishing that a defect existed at the time of sale. LSA-C.C. art. 2530. However, it is not incumbent on St. Louis to establish the exact cause of the defect. Mid-City Finance Co. v. Coleman, 232 So.2d 918 (La.App. 4 Cir. 1970); Hanna Investments v. Stoval, 171 So.2d 678 (La.App. 2 Cir. 1965) ; Glenn v. Caire, 164 So.2d 656 (La. App. 3 Cir. 1964).
St. Louis acknowledges that it did not establish the cause of the compressor failure. It did establish that the unit was properly installed and maintained, that the failure did not occur because of a power shortage, and that the failure did not occur because of an act of God. St. Louis contends that it has proved the unit was defectively manufactured through the process of elimination.
Several air conditioning experts testified that they could not find evidence to indicate defective manufacture. The compressor would have failed long before it did had it been defectively manufactured. St. Louis’ expert admitted that he saw no indication of defective manufacture. Tr. 515.
St. Louis does not contend that the unit was unfit for its intended use during the two and one-half years it operated satisfactorily. It argues that the compressor was unfit for its intended use based upon its understanding that Trane represents its equipment to have a ten-year design life.
Had St. Louis established that this ten year design life was the principal motive for making the purchase, C.C. art. 2529 might apply. The premature failure of the compressor would constitute a red-hibitory defect. We fail to find manifest error in the implicit holding of the trial court determination that St. Louis failed to prove this fact. The record suggests that *726 St. Louis first learned of the ten year design life after the litigation commenced. Even if the ten year design life constituted a “declaration of quality” under LSA-C.C. arts. 2S29 and 2542, there is no indication that the declaration was the principal motive for making the purchase.
There is no evidence that St. Louis called for, expected, or was represented that it had a guarantee of service in excess of one year. The specifications of the contract called for a one-year guarantee.
St. Louis has failed to cite a case and we have found none where an implied warranty of fitness has been held to guarantee a product for as long as two and one-half years after it has been placed in service.
The essential element which St. Louis failed to establish is that the compressor was defective or contained a red-hibitory vice at the time of the sale. Finding no manifest error in the trial court’s factual determination, the judgment is affirmed. Costs are taxed to appellant.
Affirmed.
FRUGÉ, J., dissents and assigns written reasons.