399 So.2d 762 (1981)
Sandra A. JOFFORION, Plaintiff-Appellee,
v.
LEGLUE BUICK, INC., Defendant-Appellant.
No. 8205.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*763 Adcock, Dupree & Shows, Michael V. Clegg, Baton Rouge, for defendant-appellant.
Kennedy & Yeager, Ralph W. Kennedy, Alexandria, for plaintiff-appellee.
William P. Polk, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This is a redhibitory action instituted by plaintiff, Sandra A. Jofforion, against defendants, Leglue Buick, Inc., hereafter Leglue, and General Motors Corporation. Plaintiff seeks rescission of the sale of a used 1977 Buick Regal automobile, and in addition to the return of the purchase price, prays for attorney's fees. Following institution of the instant action by the plaintiff, Leglue filed a third party demand against General Motors Corporation.
The trial court determined that the defects in the used vehicle were not so serious as to warrant a rescission of the sale, however, concluded that plaintiff was entitled to a reduction in the purchase price of the vehicle in the sum of $700.00. Plaintiff's demand for attorney's fees was denied. The trial court concluded further that the vices in the vehicle were not the result of improper manufacturing, but rather, resulted from "wear, tear, use, and possible misuse by the original owner". Accordingly, plaintiff's demand as well as Leglue's third party demand against General Motors were ordered dismissed.
Defendant Leglue appeals from the judgment of the trial court. Plaintiff answered this appeal requesting that the trial court's judgment be modified to provide for rescission of the subject sale and that the amount of damages awarded be increased to cover costs of preservation, maintenance, and repair of the subject vehicle. Further, plaintiff, in answer to the appeal, prays that she be awarded penalties and attorney's fees. Neither party questions the dismissal of their respective demand against General Motors Corporation.
*764 The issue on appeal is whether or not the trial court manifestly erred in concluding that (1) the subject vehicle did not contain such defects as would mandate the rescission of the sale; and, (2) plaintiff did not waive her warranty against redhibitory vices.
The record discloses that on April 5, 1979, Sandra A. Jofforion purchased a used 1977 Buick Regal from the defendant, Leglue, for a sales price of $4,528.00. On April 9, 1979, the plaintiff returned to the automobile dealership with numerous complaints concerning the vehicle, the most serious of which was that the engine was "missing". At that time in an attempt to remedy the vehicle's engine problems, the defendant replaced a sparkplug. The plaintiff continued to experience problems with the automobile which resulted in her return to the automobile dealership on April 20, 1979, at which time she complained that the smell of burning oil emanated from the vehicle when in operation. Testimony at trial indicated that since the date of sale the automobile has required the following repairs: (1) a rebuilt radiator, (2) a new starter, (3) a rebuilt carburetor, (4) a new exhaust system, and (5) a new battery. Further, plaintiff stated that shortly after purchase, the vehicle required a tune-up and regularly consumes approximately one quart of oil per week. In addition, testimony received at trial indicated that the vehicle's engine problems may be the result of a defective valve guide, a defective valve guide seal, or a broken ring. Expert testimony indicated that the cost of remedying such engine vices, depending on the vice found, would range from $150.00 to $1000.00. According to the plaintiff, on her last visit to the dealership, defendant's own mechanics submitted an estimate in excess of $300.00 to cover the cost of needed repairs to the vehicle.
The record reflects considerable dispute regarding the signing by plaintiff of a document which purports to be a waiver of all warranties, both express and implied, applicable to the subject vehicle. Leglue contends that Ms. Jofforion signed the waiver contained in the Sale and Chattel Mortgage contract after a complete and thorough explanation of its provisions. Defense witnesses, George Richards, the salesman involved in the subject transaction, and Mike Monceaux, the business manager of the defendant dealership, both testified that the warranty waiver provisions contained in the sale and chattel mortgage document were fully explained to the plaintiff before she signed the contract. However, plaintiff and plaintiff's mother unequivocally stated that no explanation of the document was ever provided to them, and further, that Richards was not even present at the time the document in dispute was signed. The record reflects that one of the witnesses to the Sale and Chattel Mortgage Agreement was not present at the time the parties signed the contract, but rather, singed at a later time. Also, Monceaux testified that Richards notarized the document, however, did so, not at the time of its execution, but at some later time. LSA-C.C. Article 2520, the statutory basis for redhibition actions in Louisiana, provides:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
In redhibition actions, the plaintiff must prove that the product purchased contained a hidden defect or vice at the time of the sale which was not apparent by ordinary inspection, and which subsequently renders the thing unfit for the use intended or its use becomes so inconvenient or imperfect that it must be supposed that the purchaser would have never purchased the thing had he known of the vice or defect. See Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975).
The trial judge in his written reasons for judgment states that he was unable to conclude from the evidence and testimony received at trial whether "indeed there is a defect with the engine of the car and, if so, *765 whether it was present at the time of sale". Thus, the lower court held that the plaintiff had failed to sustain her burden of proof. However, the trial court observed that numerous repairs were required, and according to testimony at trial, are still required to put plaintiff's automobile in reliable operating condition. The lower court noted that all of these repairs were needed within seven months of the purchase of the vehicle indicating that certain parts of the automobile were either severely worn or defective at the time of the sale. Therefore, the trial court concluded that the sales price of the vehicle was excessive in light of the automobile's various mechanical problems and in consideration of the needed repairs and inconvenience caused to the plaintiff, ordered that the purchase price of the vehicle be reduced by the sum of $700.00.[1]
In addressing defendant's allegation that plaintiff signed a valid waiver of all warranties against redhibitory defects, the trial judge noted in his written reasons for judgment that in order for a waiver of warranty to be effective, it must satisfy three conditions. These are: (1) the waiver must be written in clear and unambiguous terms, (2) the waiver must be contained in the sale and chattel mortgage document, and (3) the waiver must either be brought to the attention of the buyer or explained to him. Thibodeaux v. Meaux's Auto Sales, Inc., 364 So.2d 1370 (La.App. 3rd Cir. 1978). The seller has the burden of proving that the applicable warranties were validly waived. After consideration of all the testimony and evidence adduced at trial, the trial court concluded that the third condition had not been met, specifically, that the purported waiver as contained in the Sale and Chattel Mortgage document was never brought to the plaintiff's attention or explained to her. Therefore, the trial court held that the plaintiff did not waive the warranty against redhibitory vices.
As previously stated, the determinative issues on appeal concern the factual findings of the trial court. The jurisprudence in this area is well settled. The appellate courts of Louisiana have full and complete jurisdiction to review facts. Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La. 1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979). The standard for review of facts was enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973) wherein the Louisiana Supreme Court stated:
"... the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Mindful of the role of appellate courts in reviewing the factual conclusions of the trial court and after careful consideration of the testimony and evidence adduced at trial, we conclude that the trial judge had a sufficient factual basis for his decision and was not clearly wrong in his conclusions. The trial judge is in the best position to evaluate the credibility and demeanor of the witnesses as well as draw from the testimony those inferences which are most reasonable in light of the circumstances. In addition, we observe that where there exists a substantial conflict in testimony, as in the instant litigation, the reasonable evaluations of credibility and reasonable inferences *766 of fact of the trial court should not be disturbed by the appellate court in the absence of manifest error. Harris v. Landry, 345 So.2d 242 (La.App. 3rd Cir. 1977), writ denied, 347 So.2d 262. We discern no manifest error on the part of the trial court in the instant litigation.
Plaintiff answered the instant appeal requesting that she be awarded penalties and attorney's fees. As the trial judge stated in his written reasons for judgment, attorney's fees in redhibition actions are awardable against the seller/non-manufacturer only in those instances where the seller is proved to be in bad faith. Price v. Overseas Sports, Inc., 362 So.2d 587 (La. App. 3rd Cir. 1978). The evidence establishes that the defects in plaintiff's vehicle resulted from mechanically worn parts and that the defendant failed to discover the worn condition of such parts via the administration of standard maintenance tests prior to the sale of the vehicle. There does not appear from the record sufficient evidence to justify the conclusion that the defendant automobile dealership was in bad faith. Therefore, we concur with the decision of the trial court that plaintiff is not entitled to an award of penalties and attorney's fees.
Defendant contends on appeal that the trial court erred in allegedly considering inadmissible evidence in its determination of the amount by which the purchase price of the vehicle should be reduced. We disagree. The courts of our state have previously concluded that the amount in which the purchase price of an item may be reduced may be determined by considering the difference between the original price and the price a reasonable buyer and seller would agree on knowing of the vices, or the cost of repairs or replacement. In addition, the court may consider the inconvenience caused to the buyer due to the defects. See Gates v. Dykes, 338 So.2d 1190 (La.App. 2d Cir. 1976); Bendana v. Mossy Motors, Inc., 347 So.2d 946 (La.App. 4th Cir. 1977). The record reflects that the trial court carefully considered the particular circumstances of the instant case and arrived at a reasonable sum by which the purchase price should be reduced. We conclude that such a reduction is reasonable and discern no error on the part of the trial court.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C. Article 2541 provides:

"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
LSA-C.C. Article 2543 provides:
"The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action.
But in a redhibitory suit, the judge may decree merely a reduction of the price."