419 So.2d 534 (1982)
Linda Tell, Wife of/and Dr. Harold L. DAWLEY
v.
Veda Costello, Wife of/and Floyd A. SINCLAIR, Sinclair Realty Company, and Peter J. Spera, Jr.
No. 5-76.
Court of Appeal of Louisiana, Fifth Circuit.
August 30, 1982.
Eugene M. McEachin, Jr., Curtis, Hyde, Mooney & McEachin, Metairie, for plaintiffs-appellants.
Daniel R. Martiny, Lee, Martiny, Caracci & Bono, Metairie, for defendants-appellees.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
Doctor and Mrs. Dawley, plaintiffs (purchaser), appealed devolutively from a judgment dismissing their claim against the defendants, Mr. and Mrs. Floyd Sinclair (seller), Sinclair Realty Company (broker), and Peter Spera, Jr. (agent), for damages alleged to have been caused by erroneous information conveyed to them as to the zoning classification of Lot 21, Square 70, Terrytown Subdivision.
In the trial court and here two theories are urged by the purchaser as the basis for their right to recover his out of pocket expenses plus a reduction in the purchase price, or the alleged difference between the value of the lot under a commercial zoning classification and its value as a residential lot. First, the buyer contends the agent's conveyance of the erroneous information as to the zoning classification of the lot constituted a redhibitory defect and, hence, entitled him to a diminution of the purchase price. Second, he contends the erroneous information constitutes a misrepresentation in violation of a prohibitive statute, therefore, the violation coupled with the agent and/or broker's failure to disclose the broker's ownership of the lot gave him a statutory right to recover damages, or if not *535 under the statute, then in tort for negligence or in equity as an unjust enrichment. The trial judge rejected both theories. We affirm.
At the time the agreement to purchase was entered into and at the time the sale was executed the owner of the lot was the sole owner and operator of Sinclair Realty Company. This real estate firm held an exclusive listing for the sale of the lot. The purchaser had informed the agent he intended to use the lot for commercial purposes. The agent and the broker readily admitted they informed the buyer the lot was zoned C-2 Commercial. Two years after the sale, the purchaser made an application for a permit to build on the lot and then discovered that only 10 feet of the lot was zoned C-2 Commercial with the remainder being zoned R-1 Residential. When the broker-owner was informed of the error he offered to rescind the sale. At no time did the purchaser pray for or want a rescission of the sale.
The trial judge found the agent's error as to the zoning classification was in good faith and hence concluded that although a good faith error as to a zoning classification may be grounds for a rescission of the sale, it does not constitute a redhibitory vice or defect. Under our jurisprudence, for redhibition to apply the vice or defect complained of must be such as to render the object useless or so inconvenient and imperfect that had the purchaser known of the vice or defect complained of it is presumed under the law the buyer would not have purchased the object LSA C.C. Art. 2520 et seq. The fact that the property is not zoned as the purchaser wanted it is not a defect or vice within the meaning of the Civil Code Articles on redhibition. Louviere v. Meteye, 260 So.2d 377 (La.App. 4th Cir. 1974). However, where the parties are laboring under a mistake or error as to the zoning classification, there may be the lack of mutual consent necessary to confect a valid agreement and hence grounds for a rescission of the sale under LSA C.C. Articles 1821 et seq. We hold, therefore, that the trial judge was correct in finding that under the facts of this case there may have been grounds for a rescission but there is no present vice or defect sufficient to support an action in redhibition.
In support of their theory for the recovery of damages the purchaser refers to R.S. 37:1454(A) and R.S. 37:1447[1] and from this argues the agent and/or broker misrepresented the zoning and were negligent in failing to determine the proper zoning and hence are liable to him in damages. The facts of the case, however, do not lead to the conclusion there was a misrepresentation. The agent and broker admitted repeatedly throughout the trial they knew the buyer intended to use the lot for commercial use and that they informed the buyer the lot was zoned C-2 Commercial. They were both under the mistaken belief the lot was in fact zoned C-2 Commercial. The record is barren of any evidence to show the agent or the broker-owner knew the lot was R-1 Residential. As a matter of fact, there is evidence showing that at the time the broker-owner acquired the lot it had been represented to him by his vendor and his attorney that the lot was zoned C-2 Commercial. The ease in which an error in zoning classification can be made is readily demonstrated from the testimony of the independent professional appraisers who appraised the lot in question here for the purchaser's financier. According to them, after examining the available maps and information in their office and in the zoning office, they concluded the property was zoned commercial. Therefore, we cannot say the trial judge erred in finding that the agent was laboring under a mistake of fact rather than engaging in a willful, known or negligent misrepresentation of the zoning classification at the time he informed the purchaser the lot was zoned for C-2 Commercial.
*536 For the reasons stated, therefore, the judgment of the trial court is affirmed. Costs of appeal to be borne by the appellant.
AFFIRMED.
NOTES
[1] These were the provisions in effect as of the date the transaction in question here was entered into. Since that time these provisions have been amended and/or deleted by subsequent enactments of the legislature.