KLIEBERT, Judge.
Thomas M. Peyton (Buyer) filed a redhi-bitory action against Charvet’s Garden Center (Seller), seeking to rescind a sale of St. Augustine grass sod. The trial court dismissed the Buyer’s suit for failure to carry the burden of proof. The Buyer devolutively appeals. We affirm.
On May 8, 1980, Buyer purchased 200 yards of sod from Seller for $448.30. The sod was delivered to the Buyer’s residence and laid by the Buyer the following day. According to Buyer’s testimony, browning of the sod commenced a few days subsequent to it being laid. In mid-July to mid-August, the Buyer detected some sort of bug infestation in the grass. Upon being contacted in this regard by the Buyer, the Seller sent a representative to investigate. This ultimately resulted in a spraying of the grass with insecticide. The spraying killed the bugs, but by that time the grass was dead.
The trial judge found the cause of the death of the grass was bugs. Since the plaintiff failed to prove the grass was infested with the bugs at the time of sale, he concluded the plaintiff had failed to meet his burden of proof by a preponderance of the evidence and, hence, dismissed the Buyer’s suit.
The plaintiff brought this devolutive appeal. In essence, he contends the trial judge erred because he failed to recognize the Buyer had a right and did in fact prove his case by circumstantial evidence. We find the argument is without merit and, hence, affirm the trial judge.
The Buyer argues that he can prove a “redhibitory defect by circumstantial evidence”. We do not deny that, for in Moreno’s Inc. v. Lake Charles Catholic H. Schs., Inc., 315 So.2d 660 (La.1975), at page 662, the Supreme Court stated that in an action for redhibition:
“The burden of proof may, as in cases generally, be discharged by proving the existence of defects or circumstantial evidence. Rey v. Cuccia, supra. [298 So.2d 840 (La.1974)]. It is not required that plaintiff negate all other possible causes in order to support his claim. If the proof be by circumstantial evidence it need only exclude other reasonable hypotheses with a fair amount of certainty. Taken as a whole the proof of the fact should be more probable than not.”
The fallacy in plaintiff’s argument, however, is his contention that to recover he need prove only that he purchased the grass and that it died. This is not a “res ipsa loquitur” case nor a “warranty” case. See Gauthier v. Bogard Seed Co., 377 So.2d 1290 (3rd Cir.1979). To succeed in his action for redhibition Buyer must prove the product sold, i.e., the sod, contained a vice or defect at the time of the sale. La.C.C. Article 2520. This he failed to do.
The Buyer proved there were bugs in the grass, but he failed to show the bugs were there at the time of the sale. As stated by the trial judge in his reasons for judgment, Mr. Peyton testified the grass was healthy at the time delivered.
The Seller testified that he purchased the sod from a reputable Florida dealer. He personally inspected the sod before delivery to the Buyer and found it to be healthy and free of bugs.
The Buyer did not observe bugs in the grass until some 2V2 or 3 months after the sale. The bugs were described as being small and black with white wings. There is no testimony or evidence as to the life cycle of the bugs.
As a winged insect, the bug could just as easily have migrated from anywhere in the *594 neighborhood before the sod was delivered and embedded in the soil or migrated into the sod from elsewhere after the sod was delivered. We cannot say, therefore, that the trial judge committed manifest error in concluding the Buyer failed to meet his burden of proof. Accordingly, the trial court’s judgment is affirmed. The Buyer is to pay all costs.
AFFIRMED.