488 So.2d 325 (1986)
Gregory L. WASHINGTON, Plaintiff-Appellant,
v.
MOREIN MOTOR CO., INC., Defendant-Appellee.
No. 85-432.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*326 Steven J. Bienvenu, Opelousas, for plaintiff-appellee.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX and YELVERTON, JJ., and JACKSON, J. Pro Tem.[*]
JACKSON, Judge, Pro Tem.
This is a suit in redhibition, seeking to set aside the purchase of a 1979 Buick Riviera automobile from the defendant Morein Motor Company. The plaintiff, Gregory L. Washington, seeks to set aside the purchase of this automobile, alternatively *327 for a reduction in purchase price. At the conclusion of the trial, the trial judge rejected all of his demands, and this appeal seeking a reduction in purchase price follows.
On January 9, 1984 the plaintiff purchased a 1979 Buick Riviera automobile from Morein Motor Company for a total price of $8,263.60. He returned to the dealership several times thereafter with minor repairs which were performed at no cost to him by the dealer. In May 1984 the vehicle stopped operating completely and subsequent examination revealed that the motor had "burned up". The plaintiff parked the automobile and repaired it in February of 1985. During this period of time he continued to make the payments on the automobile and incurred the expense of providing his own transportation.
The vehicle was purchased January 9, 1984 and at the time of the sale it had approximately 44,000 miles on it. The plaintiff returned the vehicle to the dealer on several occasions following the sale and minor repairs were performed to his satisfaction. He continued to operate the automobile from January to May, and on one occasion drove it to Austin, Texas and returned to Opelousas. He testified that the trip took him approximately eight hours each way. In May, 1984 the vehicle began to make loud noises and he took it to a mechanic who advised him that he should not operate it until the repairs were performed which repairs were performed in January, 1985. He was forced to replace the engine. The cost of these and other prior repairs amount to $1,330.54. His expert, Mr. Doucet who performed the repairs on the vehicle was of the opinion that the failure of the engine in the automobile was caused by dirty oil. He was of the opinion that the previous owners of the vehicle had used different grades and types of oil, and had not adequately changed the oil in the engine causing settlement in the oil to build up to such an extent that the intake to the oil pump was clogged. The cause of the failure of the engine, therefore, was oil starvation. This condition occurred gradually over many miles of use of the automobile. He was of the opinion that Morein was unaware of this condition as was the purchaser at the time of the sale. At the time of engine failure the plaintiff had driven the automobile approximately 6,000 miles; although the expert was of the opinion that this condition could not come about in less than 10,000 miles.
Redhibition is the avoidance of a sale on account of some vice or defect on the thing sold, which renders it absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. In such cases the plaintiff must prove that the product purchased contained the defect or vice at the time of the sale which was not apparent by ordinary inspection, and which subsequently renders the thing unfit for the use intended or its use becomes so inconvenient or imperfect that it must be supposed that he would not have purchased it had he known of the vice or defect. LSA-C.C. Art. 2520, Jofforion v. LeGlue Buick, Inc. 399 So.2d 762 (La.App. 3rd Cir.1981); Moreno's, Inc. v. Lake Charles Catholic High School, Inc., 315 So.2d 660 (La.1975).
The repairs made were necessary at least as early as five months after purchase. In Jofforion, supra, this Court upheld a ruling that since repairs were necessary within seven months of purchase, certain parts of the automobile were either severely worn or defective at the time of sale. The trial judge here ruled from the bench that use of the automobile for 6,000 miles prior to replacement of the engine and the difficulty of discovery precluded a reduction in purchase price. But, both factors were also present in Jofforion. Indeed, difficulty of discovery is one of the elements of the redhibition action. See LSA-C.C. Art. 2521. Accordingly the plaintiff is entitled to a reduction in the amount of the purchase price by $1,330.54, the amount of the repairs.
In brief defendant alleges that plaintiff waived all warranties. This issue was not reached in the lower court. For a *328 waiver to be effective, it must: (1) be written in clear and unambiguous terms; (2) be contained in the sale and chattel mortgage document; and (3) either be brought to the attention of the buyer or explained to him. Thibodeaux v. Meaux's Auto Sales, 364 So.2d 1370 (La.App. 3rd Cir.1978). The evidence is uncontradicted that the warranty disclaimer although signed by plaintiff as part of the Bill of Sale, was neither brought to his attention or explained to him by any employee of Morein Motor Company. The seller has the burden of proving that the applicable warranties were waived. Jofforion, supra, at 765. This Court, therefore, concludes that plaintiff did not waive his warranty against redhibitory defects.
It is therefore ordered that the judgment of the district court be and it is hereby reversed so as to reduce the purchase price by $1,330.54, and judgment is granted to plaintiff and against the defendant in that amount, with legal interest thereon as provided by law.
All costs at trial and on appeal are assessed against defendant-appellee.
There being no evidence that the seller knew of the defects at the time of sale, plaintiff's request for attorney's fees is denied.
REVERSED AND RENDERED.
NOTES
[*] Judge Robert P. Jackson of the Ninth Judicial District Court Participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.