520 So.2d 1136 (1987)
Mollie WAGNON, Plaintiff-Appellant,
v.
George HEBERT d/b/a Hebert Auto Sales & Leasing, Defendant-Appellee.
No. 86-1125.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1137 Schrumpf & Schrumpf, Charles Schrumpf, Sulphur, for plaintiff-appellant.
Douglas L. Hebert, Jr., Kinder, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
FORET, Judge.
This is a redhibition suit. Mollie Wagnon filed suit for redhibition against George Hebert d/b/a Hebert Auto Sales & Leasing (Hebert's) on May 2, 1986. At the end of plaintiff's case, the trial court granted Hebert's motion for a directed verdict and dismissed plaintiff's suit. It is from the dismissal of her suit that she has appealed.

FACTS
Mollie Wagnon purchased a 1981 Plymouth Horizon from Hebert's on January 15, 1986. The vehicle was four years old and had an odometer reading of 39,351 miles. Wagnon purchased the car for $2,880. She intended to use the car for personal matters and for a newspaper delivery route.
Wagnon alleged that within two days of purchase the car required a tune-up. Within one week the car was consuming excessive amounts of fuel. The car was repaired... several hoses reconnected. Within one month of purchase, the brake shoes and pads needed replacing as well as the rotor being turned, and repair to the engine-oil light. Within three months of the purchase, the transmission failed. Plaintiff was unable to drive the car.
At trial, Hebert's alleged that plaintiff abused the vehicle and improperly maintained it. However, the car was not used on a newspaper route until the first of March. At that time, it was used for only a two-week period before the transmission failed.
The car was taken to Don Seibarth's in the middle of March for repairs. James Klinger, a mechanic employed by Seibarth's, was qualified as an expert mechanic by the court. He testified that in his opinion the brake shoes and pads were completely worn at the time of purchase and that the problem which precipitated the slipping transmission was also present at the time of purchase.
The record reflects that Hebert bought the car in December of 1985 from another car dealer, less than a month before he sold it to Wagnon. He stated that he personally thoroughly inspects all cars before buying them. He has a checklist of 85 different functions which he checks out prior to purchase. Furthermore, he has his own mechanic check the car out completely.
We believe the trial court erred in dismissing plaintiff's case. It is well established law in Louisiana that to maintain an *1138 action of redhibition, the plaintiff must prove that the thing contained a hidden vice, not apparent by ordinary inspection, which subsequently rendered the thing unfit for use; that the vice existed at the time of sale; and that the seller did not advise the plaintiff of it. Henry v. Pitre Ford Co., 442 So.2d 1338 (La.App. 3 Cir.1983), writ den., 445 So.2d 451 (La.1984).
The record reflects that the Plymouth Horizon sold by Hebert's to the plaintiff contained two hidden vices, i.e., completely worn brake shoes and pads and a slipping transmission. Those two vices were not apparent by ordinary inspection. Klinger, a mechanic qualified by the court as an expert, testified that both defects were more than likely present in the vehicle at the time of sale. Klinger's opinion testimony was not contradicted by the defendant. However, Hebert did testify that at the time he purchased the vehicle from another car dealer, he thoroughly inspected the car and found no problem with it except for worn pads.
Neither the worn brakes nor the slipping transmission were brought to Wagnon's attention. Furthermore, they were not discoverable by an ordinary inspection. The brakes were subsequently repaired, the rotor was turned, and new brake shoes and pads were installed. Therefore, the brakes were not a vice which subsequently rendered the car unfit for use. However, the slipping transmission did render the vehicle unfit for use. Wagnon was unable to drive the vehicle. It has been on Seibarth's lot since the middle of March, 1986. Such a defect in the transmission that renders the vehicle undriveable is a defect that renders the car so useless or its use so inconvenient and imperfect that had Wagnon known of the slipping transmission, it is presumed under law that she would not have purchased the car. La.C.C. art. 2520; Dawley v. Sinclair, 419 So.2d 534 (La.App. 5 Cir. 1982); Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973).
The trial court stated in its reasons for granting a directed verdict that when a used vehicle is purchased, the buyer is aware of the fact that the vehicle has been driven, that the car is not new, and therefore does not possess new brakes, new motor, new transmission, new rearend, or anything else. It is a used vehicle and it is bought with that knowledge. We disagree with the trial court's attempts to indicate that caveat emptor is now the law of Louisiana simply because the car purchased was a used vehicle.
The law of this State is that the warranty created against redhibitory defects applies to the sale of used equipment as well as new equipment, although not as extensive as in the sale of new equipment. However, what is required is that the used equipment operate reasonably well for a reasonable period of time. Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1 Cir.1982).
What should be considered a reasonable period of time? In Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258 (La.App. 3 Cir.1982), a purchaser of a used truck, which underwent numerous repairs within a six-month and over 6,000 miles period, had produced sufficient evidence that the problems existed at the time of sale. Redhibition was allowed, indicating that the court believed six months was a reasonable period of time. The car that Wagnon bought failed within three months. In Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3 Cir.1979), the court found sufficient redhibitory defects to justify recision where a mobile home was purchased with no apparent defects, but three months after the sale, the defects became noticeable and were found to exist at the time of sale.
In summary, the plaintiff clearly proved by a preponderance of the evidence that the vehicle she purchased was useless for its intended purpose; that its use was so inconvenient and imperfect that it is to be supposed that she would not have bought the car had she known of the defect; that the defect existed at the time she purchased the vehicle; and that Hebert was either unable or refused to correct the defect when given the opportunity to do so. Henry v. Pitre Ford Co., supra; Ezell v. General Motors Corp., 446 So.2d 954 (La. *1139 App. 3 Cir.1984), writ denied, 449 So.2d 1350 (La.1984). It is clear to us that the trial court committed error in stating that plaintiff failed to make out a prima facie case. It was not necessary for her to prove a particular and underlying cause of a defect in a complicated piece of machinery such as a vehicle. Furthermore, the record reflects that Hebert's refused to work on the transmission when requested to do so.
The trial court further erred in requiring plaintiff to prove damages in a precise amount. However, a mechanic qualified as an expert by the court testified that he was unable to give a precise amount until he actually began to do the work and completed it. The mechanic stated that the cost of working on the transmission could go anywhere from $150 to $1,000. The cost to repair the transmission is not the only damage claim in this case. The demand of this redhibition suit was a return of the purchase price and the cost to repair the vehicle. Although the court was unable to decide the exact amount needed to repair the transmission, it was not prevented from awarding a return of the purchase price.
In an analogous case decided by the Louisiana Supreme Court, the fact that the automatic transmission of the car shifted erratically and would not shift from low gear or into reverse gear proved an existence of the redhibitory defect in the automobile at the time of its sale to the buyer; thus, the buyer, who could not have discovered the defect by inspection, who was not told of the defective transmission by the seller, and who stood ready to return the automobile to the seller, was entitled to void the sale of the car. See Prince v. Paretti Pontiac Company, Inc., supra; Newman v. Dixie Sales & Service, 387 So.2d 1333 (La.App. 1 Cir.1980). Clearly, plaintiff herein has presented enough evidence to make out a prima facie case. It is encumbent upon the defendant to come forth with a defense. The court erred in granting the motion for a directed verdict.
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings in conformity with the opinion herein. All costs of this appeal are assessed against defendant, George Hebert, d/b/a Hebert Auto Sales & Leasing. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.