544 So.2d 98 (1989)
Gerald MONK, Plaintiff-Appellant,
v.
OAKDALE MOTORS INC., Defendant-Appellee.
No. 88-143.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*99 James D. Davis, Alexandria, for plaintiff/appellant.
Perrell Fuselier, Oakdale, for defendant/appellee.
Before: GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
The plaintiff in this action is Gerald Monk, doing business as Dependable Vault Company (Monk). Monk filed suit against Oakdale Motors, Inc. (Oakdale), seeking diminution of the purchase price of a truck purchased from Oakdale. Monk's suit sought recovery of the amount spent on repairs for the truck as well as attorney's fees. Trial was held on the matter and the court found that Monk failed to properly meet his burden of proof. Monk now appeals. We reverse.

FACTS
On April 17, 1986, Monk purchased a 1979 Ford F-700 truck from Oakdale for $5,700.00. At the time of purchase, the truck had an odometer reading of 231,682 miles. Monk inspected and test drove the truck prior to purchase, and Oakdale alleges that Monk was told that there was no warranty covering the truck. Monk denies this. Monk purchased the truck with the intention of converting it into a gravel dump truck by changing the bed of the truck. Soon after the purchase, Monk noticed a severe oil leak from the truck. He also noticed problems with the clutch. He brought the truck to Oakdale, but was told that the truck was not covered by a warranty, and thus, Oakdale would not make any repairs. Monk subsequently spent $1,155.92 on repairs made by a mechanic. Monk then filed suit against Oakdale seeking diminution of the purchase price by the amount of the cost of repairs and attorney's fees. The trial court denied Monk recovery on each claim. On appeal, Monk argues that no written waiver of warranty was entered into, and thus, Oakdale is liable to him for diminution of the purchase price. Oakdale agrees with the trial judge who concluded that the type of defects *100 experienced by Monk could be reasonably expected of a vehicle of advanced age. Oakdale also argues, that if Monk is allowed recovery, it should not be for the full amount of the repair bill.

LAW
A seller impliedly warrants to the buyer that the object sold is free of redhibitory defects and is reasonably fit for its intended purpose. LSA-C.C. arts. 2476 and 2520. This warranty applies to the sale of used as well as new merchandise. Although the warranty is not as extensive for used merchandise, used merchandise must operate reasonably well for a reasonable period of time. Wagnon v. Hebert, 520 So.2d 1136 (La.App. 3d Cir.1987).
A purchaser may waive these warranties. It is the seller's burden to prove that the purchaser has waived the warranties. Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3d Cir.1981). In Washington v. Morein Motor Co., Inc., 488 So.2d 325 (La.App. 3d Cir.1986), we recently stated the requirements for a valid waiver of warranty:
"For a waiver to be effective, it must: (1) be written in clear and unambiguous terms; (2) be contained in the sale and chattel mortgage document; and (3) either be brought to the attention of the buyer or explained to him."
Id. at 327-328.
In the present case, it is undisputed that no written waiver of warranty was executed. Although the truck was old, without a waiver of warranty, the seller warranted that the truck would perform reasonably well for a reasonable time period. Within a few days of the purchase, Monk noticed problems with the truck and had to have the truck repaired. After carefully reviewing the record, we conclude that, without these repairs, the truck was useless for its intended purpose. Therefore, we reverse the trial court's decision finding that Monk is not entitled to recovery from Oakdale under the warranty.
The truck was repaired by a mechanic named James Johnson. The cost of the repairs was $1,155.92. Johnson appeared at trial and testified that Monk asked him to "fix the truck where I could use it." Johnson determined that the engine needed to be overhauled for the truck to run properly. Oakdale contends that the only repairs necessary were those to repair the oil leak. It contends that these repairs only total $236.48. We do not agree. Johnson testified that all of the repairs that he performed were necessary to put the truck in proper working order. We thus hold Oakdale liable for the costs of these repairs ($1,155.92).
Finally, Monk contends that he should recover attorney's fees from Oakdale. To recover attorney's fees, a buyer must prove that the seller knew of the defects at the time of the sale. LSA-C.C. art. 2545; Washington, supra. Monk did not meet this burden in the present case. Thus, his request for attorney's fees is denied.
For the foregoing reasons, we reverse the trial court's decision denying recovery to Monk. We award him $1,155.92the cost of the repairs to the truck. Monk's request for attorney's fees is denied. Costs of this appeal are taxed to Oakdale.
REVERSED AND RENDERED.