410 So.2d 1243 (1982)
Elma S. BRIDGES, et ux., Plaintiffs & Appellants,
v.
RELIANCE INSURANCE COMPANY, Defendant & Appellee.
No. 8460.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
*1244 Rester & Van Norman, Adam L. Ortego, Lake Charles, for plaintiffs & appellants.
Brittain & Williams, Joe Payne Williams, Natchitoches, for defendant & appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
CULPEPPER, Judge.
The plaintiffs, Ruben L. Bridges and Elma S. Bridges, filed this suit against the defendant, Reliance Insurance Company, seeking benefits under a fire insurance policy covering plaintiffs' home. The defendant answered, alleging arson as a defense, and reconvened seeking judgment for sums paid under the insurance contract to the mortgagee of the insured. From a judgment rejecting their demand, the plaintiffs appeal. Although the district court did not rule on the reconventional demand, Reliance did not answer the appeal and makes no argument on appeal urging its reconventional demand.
The only issue presented on appeal is whether the trial judge erred in his factual determination that defendant proved its defense of arson.
The claims of the plaintiffs, Elma and Ruben Bridges, arise out of a fire loss which occurred on the night of Sunday, May 14, 1978, to a wood frame house located in Natchitoches, Louisiana. On the date of the loss, defendant, Reliance Insurance Company, had issued to Elam Bridges a homeowner's policy providing coverage on the dwelling located in Natchitoches. Coverage provided was the amount of $40,000 on the dwelling, $4,000 for appurtenant structures, $20,000 for unscheduled personal property, and $8,000 in additional living expense coverage.
After the fire, defendant, Reliance Insurance Company, in cooperation with the Natchitoches Parish Fire Prevention Bureau, commenced an investigation of the fire. It was determined by the investigators that the fire was of incendiary origin. The claims of Mr. and Mrs. Bridges were denied by Reliance Insurance Company, and this suit was filed in September of 1978. On September 11, 1978, defendant Reliance Insurance Company paid to City Bank and Trust Company, the mortgage holder on the property, the sum of $36,828, representing the balance due on the mortgage.
In his written reasons, the trial judge found the following facts:
"Now moving to the central issue in the case, the court is of the opinion that a loss was sustained by the insured which loss was covered by the insurance contract and that the loss occurred during the policy period and unless the affirmative defense of intentional and deliberate arson is proven then the plaintiff must prevail. The court has no trouble whatsoever in concluding that this fire was a direct result of arson. Two expert witnesses, Captain Donald Desadier with the Natchitoches Fire Department and head of the Fire Prevention Bureau for the city of Natchitoches and Mr. Don Hicks of Conroe, Texas an employee of I.N.S., Inc., and an experienced fraud and fire investigator were both qualified as expert witnesses and both testified that in their expert opinion this was a classic example of a fire that had been set with a flamable liquid.
"The only matter then left for the court to decide on the defense of intentional arson is the question of whether or not MR. AND MRS. BRIDGES set the fire or contrived to have it set. The evidence is abundantly clear that Mr. and Mrs. Bridges did not set the fire because a number of witnesses testified that they were in the city of Baton Rouge spending the night with relatives on the night of *1245 the fire. The court is of the opinion, however, that Mr. and Mrs. Bridges did contrive to have the fire set because of the events which took place in the days immediately preceding the fire. The evidence before the court indicated that Mr. and Mrs. Bridges had been on an extended visit of approximately two weeks with Mrs. Bridges' daughter in Biloxi, Mississippi. The Bridges intended to terminate this visit on the day following the fire. However, two days before the fire occurred Mrs. Bridges and her daughter from Biloxi, returned to Natchitoches for the express purpose of picking up more clothing and Mr. Bridges' tools which they stated were needed in Biloxi. On this trip to Natchitoches on Thursday before the fire occurred on Sunday, Mrs. Bridges picked up clothing and some cherished photographs. The testimony of the witnesses does not make it absolutely clear whether the Bridges were going to return to Natchitoches on Monday for the purpose of terminating their visit or for the purpose of picking up Mr. Bridges' automobile. However, the evidence is clear that the Bridges intended to return to Natchitoches on Monday. Despite the fact that she had been gone for two (2) weeks or more and was going to be back in Natchitoches on Monday, May 16, (Monday was actually May 15) Mrs. Bridges found it necessary to come to Natchitoches on Thursday, May 12, (Thursday was actually May 11) to pick up more clothing and certain photographs and other items which she treasured and which incidentally were irreplaceable. The court does not believe that a person on a two or three week vacation returns home on Thursday to get more clothing (and cherished photographs) when they intend to leave for home on Sunday unless they have reason to believe those items will not be present on their return.
"Also of significance was the fact that a substantial loan had been secured by a mortgage on the insured residence and the plaintiffs in this action were not in a financial position to provide from current funds the debt service required on this loan. Of significance also is the fact that some thirty minutes before the fire was reported, Mrs. Bridges' daughter, Mrs. James Simmons, and a nearby neighbor, Mr. Perkison, had seen an automobile backed up to the insured dwelling and they were of the opinion that this was the vehicle of Mr. Ronald Garrett, with whom the Bridges were staying in Biloxi. Also, there was no forced entry to the insured dwelling."
The evidence also shows Mrs. Bridges and her husband had decided they would develop a subdivision out of the lot of ground that they owned. In order to do so, Mrs. Bridges borrowed approximately $40,000 from the City Bank and Trust Company of Natchitoches, Louisiana, and purchased Lots 12, 13 and 14 from her son, James Ronnie Simmons. Mrs. Bridges used the borrowed money to move their wood frame house from its original location on the lot to another location, in order that they might have room to construct a street for her proposed subdivision. At the time of the fire, the Bridges owed to the City Bank and Trust Company the sum of $36,868, and the note was due on September 8, 1978 in full payment. The interest on the loan was in excess of $300 per month. This note was secured by a collateral mortgage held by the City Bank and Trust Company covering the subdivision lots in question. The plaintiffs would have had to sell the property to pay the mortgage. The Bridges' monthly income was only approximately $100 a month insurance annuity and $489 social security checks.
The Bridges had submitted their plans for the development of their subdivision to the Natchitoches Planning Commission on several occasions, and on each occasion they had been turned down. They were meeting stiff opposition from the neighborhood where they proposed to develop this subdivision, because their plan was to subdivide the acreage in small lots. It was further shown that the Bridges would need, at a minimum, an additional $80,000 to $100,000 in order to develop their subdivision.
*1246 In the recent case of Rist v. Commercial Union Insurance Company, 376 So.2d 113 (La.1979) our Supreme Court stated the applicable law as follows:
"By raising the affirmative defense of arson, the insurer has the burden of establishing, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. An insurer need not prove its case beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952). In addition, we stated in Sumrall:

"Proof, of course, may and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.... Accordingly, the question presented in matters of this sort are answered by the particular facts of the controversy. [cases omitted]"
Also applicable is the rule that findings of fact by the trial judge, particularly those involving credibility of witnesses, will not be disturbed on appeal unless manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We have carefully reviewed the record and conclude the trial judge was not clearly wrong in finding as a fact that the fire was of incendiary origin and that plaintiffs were responsible for it, even though the evidence is entirely circumstantial.
In their appellate brief, plaintiffs argue they were not in such a dire financial position that they had to commit arson. They point to the testimony of the president of City Bank and Trust Company that the mortgaged property furnished ample security for the loan, and that he had loaned money to the plaintiffs on previous occasions and found them to be honest. Plaintiffs point to the testimony of some of their other creditors to the effect that they were of good character and had good credit rating.
Plaintiffs also argue there were other white Mercury Cougar automobiles in the neighborhood similar to that owned by Ron Garrett, and, thus, the testimony that such a vehicle was in the Bridges' driveway the night of the fire is not convincing that Garrett was actually there. Plaintiffs also argue the trial judge failed to give proper weight to testimony by Don Garrett that on the night of the fire he left Baton Rouge at approximately 6:30 p. m. and drove to Biloxi, and that Janice Simmons, Mrs. Bridges' daughter who lived in Natchitoches, telephoned the Garrett home in Biloxi at about 11:00 p. m. and talked to Mrs. Garrett, who stated that her husband was asleep. The testimony of Mrs. Garrett was not introduced into evidence by either party.
Plaintiffs also attempt to explain the trip by Mrs. Bridges to Natchitoches on Thursday before the fire to obtain more clothing, valuable papers and Mr. Bridges' tools. They argue the reasoning of the trial judge, that this was very damaging evidence against the plaintiffs, is confusing and contradictory, because the trial judge was not sure of the dates or the reason why Mrs. Bridges went to Natchitoches on Thursday.
Finally, plaintiffs argue there is another reasonable hypothesis than that plaintiffs committed arson. They say the neighbors who lived near their proposed subdivision strongly opposed the plan for small lots, and that it could have been one of the neighbors who set the fire, motivated by a desire to prevent the subdivision.
Our answer to all of these arguments by plaintiffs is that the trial judge saw and heard the witnesses and weighed their credibility and found as a fact that plaintiffs committed arson. We do not find the trial judge was clearly wrong.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs.
AFFIRMED.