EDWARD A. DUFRESNE, Jr., Judge Pro Tem.
The plaintiffs, Malcolm Hidalgo, Jr. and his wife Theresa filed this lawsuit against John Terrell seeking a reduction in the purchase price of a house purchased for $20,000.00.
Malcolm and Theresa Hidalgo purchased a house from John Terrell on January 21, 1983, for $20,000.00 and moved the dwelling to their property. The house was two years old at the time of sale and was constructed at Terrell’s direction on his property. Most of the construction was done by Bonvillion Construction, however some carpentry, electrical, and plumbing was performed by independent contractors and some by Terrell himself.
Mr. Hidalgo testified that he had on several occasions visited the house prior to the purchase, however, later he asserted numerous redhibitory vices in the house, including faulty design of a porch which caused rain water to run back into the house, defective wiring which made the *783 house unsafe for habitation, lack of ventilation for plumbing, and other defects.
The trial court concluded that the Hidal-gos failed to establish that the defects of which they complained could not have been discovered by simple inspection. Consequently, the trial court rejected the Hidal-go’s demands and rendered judgment in favor of the defendant, John Terrell.
From this decision the Hidalgos have filed this appeal and argue that the trial court erred in determination that they should have realized the subject defects or vices upon simple inspection, and furthermore that they were aware of these problems.
Contained in the reasons for judgment, the trial court accurately depicts the legal scenario in this matter as follows:
“Malcolm R. Hidalgo, Jr. and Theresa Mesisco Hidalgo have filed suit against John Anthony Terrell seeking a reduction in the purchase price of a house purchased from the defendant. On January 21, 1983, plaintiffs purchased a frame house from Terrell for the sum of $20,-200.00. The house was then moved to another location. The petition alleges the existence of redhibitory vices at the time of sale but the demand is limited to a reduction of the purchase price rather than a recission of the sale.
The following provisions of our Civil Code are applicable to this case:
Art. 2541. Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.
Art. 2544. The action for a reduction of price is subject to the same rules and to the same limitations as the red-hibitory action.
Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
Art. 2521. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.
Prior to the consummation of the sale the purchaser inspected the interior of the house four or five times during a period of from six to eight weeks. In addition he visited the house on occasion when he did not get inside. He looked into the attic and crawled under the house. He discussed with the seller the substitution of an electric hot water heater and electric space heater for gas appliances and on at least one occasion was accompanied by his father whom he said was an electrician. The purchaser discussed with the seller the electric breaker box and the need for more wiring and breakers to accomodate the desired electric appliance. He heard popping noises when he walked on the floors and noted that the carpet was loose.
Petitioner complains that after the house was moved he discovered that rain water came in through the front door which had cracks, and also under the door and wiring to an air conditioning unit ran under the carpet in part. The wiring in the attic was erratic and not properly fastened and the meter was mounted too high. Carpeting was fastened to the floor with staples. The plumbing system was not vented.
A contractor employed by petitioner explained that rain water got into the house because the porch floor was level with the inside floor and that this was apparent on inspection. The situation was corrected by dropping the porch floor somewhat. A city-parish electrical inspector recommended that the entire house be re-wired because in his opinion it was unsafe. He did not know whether any inspection require *784 ments existed in the area where the house was constructed, serviced by Beauregard Electric.”
The trial court concluded that the Hidal-gos certainly did or should have observed most of the defects and were or should have been alerted to others by the repeated inspections they made of the house. Where there were defects which were unquestionably apparent, it became incumbent upon the Hidalgos to make a further investigation.
The Hidalgos are bound, to act as any other reasonably prudent purchaser under similar circumstances.
In order to establish a prima facie case, the Hidalgos must show that a non-apparent defect existed at the time of sale, LSA-C.C. Art. 2520 and 2530; Jordon v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir.1976). The evi-dentiary burden is that the proof must be more probable than not, Moreno’s Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1976).
The findings of fact regarding credibility by the trial court must not be overturned unless clearly wrong, Bridges v. Reliance Insurance Company, 410 So.2d 1243 (La.App. 3rd Cir.1982).
In this case, we cannot say that the trial court was incorrect in determining the' credibility of the witnesses.
The ultimate question of the existence of a redhibitory vice is a question of fact which should not be disturbed in the absence of manifest error.
After careful examination of the record we find no error with the decision of the trial court that the Hidalgos failed to establish that the defects or vices of which they complain could not have been discovered by simple inspection.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.