618 So.2d 676 (1993)
Carrie B. SAVANNAH, Plaintiff-Appellee,
v.
ANTHONY'S AUTO SALES, INC., Defendant-Appellant.
No. 24,698-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
Rehearing Denied June 17, 1993.
*678 J. Philip Goode, Jr., Bossier City, for appellant.
Sutton & Sutton by Bobby Sutton, Jr., Shreveport, for appellee.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
In this redhibitory action, defendant, Anthony's Auto Sales, Inc. ("Anthony's"), appeals a judgment rescinding the sale of a used automobile. For reasons hereinafter expressed, we affirm.

Facts
On August 17, 1988, plaintiff, Carrie Savannah, acquired a 1985 Toyota Cressida from Anthony's for a price of $10,352.50. In addition to a cash down-payment of $1,000, she conveyed to defendant a trade-in vehicle valued at $500. A third party lender financed the balance at 21 percent interest to be paid in 42 monthly installments of $299.39 each, resulting in a total cost of $14,074.38.
At the time of sale, according to stipulations, the engine of the vehicle had excessively worn camshafts, a redhibitory defect not discoverable by ordinary inspection and of which neither party had prior knowledge. Plaintiff testified that, approximately three weeks later, she began experiencing problems with the car. The dealer acknowledges that Savannah subsequently tendered the automobile to Anthony's for repair but, relying upon a "Disclaimer of Warranty Agreement" previously signed by the purchaser, defendant refused to perform such work. As stated in plaintiff's testimony, the Toyota finally became inoperable in November 1988. The litigants also agreed upon the figure of $1,317.50, plus tax, as the cost of the necessary remediation.
After considering the testimony and documentary evidence presented at trial, the district court deemed the waiver of warranty to be ineffective and, thus, rescinded the sale. From a judgment awarding plaintiff the sum of $1,500, plus an amount equal to 42 consecutive monthly installments of $299.39, less $1000 for use of the automobile, defendant now appeals.

Discussion
When a nonapparent defect in the thing sold renders it absolutely useless, or so inconvenient in use that the law supposes a buyer would not have purchased that item had he known of the vice, an action lies in redhibition. LSA-C.C. Arts. 2520, 2521; Manning v. Scott-Hixson-Hopkins, Inc., 605 So.2d 233 (La.App.2d Cir.1992). *679 To prevail in such a proceeding, the plaintiff must also prove that the defect existed at the time of sale, and that he afforded the seller an opportunity to repair the thing. Anthony's Auto Sales, Inc. v. Shephard, 600 So.2d 125 (La.App.2d Cir.1992).
In the instant case, the parties stipulated that the Toyota had worn camshafts at the time of the purchase and that this defect could not have been discovered through ordinary inspection. Only three weeks passed before Savannah began experiencing trouble with the automobile. Later, less than three months after the sale, the car completely ceased to operate and could no longer be considered useful to the buyer. When questioned at trial, plaintiff adamantly stated that she would not have bought the vehicle had she known of the engine problems.
In all sales transactions, the seller impliedly warrants that the thing sold is free of redhibitory defects and reasonably fit for its intended purpose. LSA-C.C. Arts. 2475, 2476, 2520; Hob's Refrig. & Air Cond., Inc. v. Poche, 304 So.2d 326 (La. 1974). Although not applying as extensively as with new products, this warranty requires that even used equipment operate reasonably well for a reasonable period of time. Monk v. Oakdale Motors, Inc., 544 So.2d 98 (La.App. 3d Cir.1989). Of course, the parties are free to limit the warranty by express agreement. Anthony's, supra; Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App.2d Cir.1976).
As its first assignment of error, appellant contends that the trial court erred in finding the "Disclaimer of Warranty Agreement" signed by Savannah to be invalid. In order to be effective, such a waiver of warranty must satisfy three requirements: 1) be written in clear and unambiguous terms; 2) be contained in the sale and chattel mortgage document; and 3) either be brought to the attention of the buyer or explained to him. Prince v. Paretti Pontiac Co., Inc., 281 So.2d 112 (La. 1973); Sanders v. Sanders Tractor Co., Inc., 480 So.2d 913 (La.App.2d Cir.1985); Hendricks, supra. It is, of course, the seller who bears the burden of proving that the applicable warranties have been validly waived. Monk, supra; Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3d Cir.1981).
Both plaintiff and her sister, who appeared at the dealership to co-sign the loan, testified that no one related to them that the car would be sold "as-is." Although admitting that she signed the waiver of warranty, the buyer maintained that she failed to read that document and had never been informed of its contents. However, Jeri Byrd, the general manager of Anthony's, stated that she explained the waiver language to Savannah before requiring a signature. Byrd's testimony nonetheless clearly reveals that she did not have an independent recollection of the sales transaction and could only describe her standard operating procedures, notwithstanding that she specifically remembered this particular automobile. Moreover, the two sisters recalled with certainty that only the salesman, and not Byrd, had been present when they signed the requisite papers. Indeed, according to plaintiff, the salesperson merely said that the documents needed to be signed for purposes of transferring the title of the vehicle.
In reasons for judgment, the trial court concluded that the waiver of warranty had neither been explained nor pointed out to Savannah. Of course, such a factual determination may not be set aside on appeal in the absence of manifest error or clear wrongness. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Also, when findings of fact are based upon decisions regarding the credibility of witnesses, respect should be accorded to those conclusions for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989). Indeed, this court is mandated not to substitute its own evaluations and inferences for those of the trier of fact. Winford Co. Inc. v. Webster Gravel & Asphalt, 571 So.2d 802 (La. App.2d Cir.1990). Our review of the record indicates that there is more than ample support for the trial court's determination *680 that the warranty had not been effectively waived.[1] Hence, this assignment of error lacks merit.
Next, appellant alternatively asserts that the trial court erred in granting rescission rather than a price reduction simply covering the cost of repairs. In every redhibition action, if the evidence establishes only a partial failure of consideration, it is within the discretion of the court to grant the vendee a reduction in the purchase price. LSA-C.C. Arts. 2541, 2543; Long v. Panther Airboat Corp., 453 So.2d 304 (La.App. 1st Cir.1984); Cloud v. Huffman Motor Co. Inc., 416 So.2d 266 (La.App. 3d Cir.1982). However, the sole remedy is rescission when the trial court finds a vehicle to be absolutely worthless, or its use so inconvenient that a buyer aware of the defect would not have made the purchase. Hanley v. Regency Olds GMC, Inc., 509 So.2d 1027 (La.App. 3d Cir.1987).
Through deposition testimony, Curtis Williams, an expert automobile mechanic, provided information concerning the condition of the car. Additionally, the parties stipulated that his estimate of $1317.50, plus applicable taxes, accurately represented the cost of repairing the engine. Hence, because this sum is minimal in comparison to the total sale figure, Anthony's contends that only a reduction of price should have been granted.
After describing the camshaft lobes of the engine as excessively worn, Williams explained that this problem gradually emerged and then progressively grew worse, until eventually affecting motor performance in a very substantial manner. The expert's testimony also indicated the possibility that other defects, presently undiscovered, could exist in the engine. Thus, it cannot be said that the trial court clearly erred in deeming the car absolutely unfit for its intended purpose. Additionally, plaintiff testified that she would not have purchased the automobile had she known of the engine imperfection. Based upon the record then, rescission constituted the proper remedy.

Conclusion
Accordingly, for the foregoing reasons, the decision of the trial court is affirmed at appellant's costs.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.
NOTES
[1] In reference to the second jurisprudential requirement for an effective waiver, the trial court noted that the "Disclaimer of Warranty Agreement" did not appear in the bill of sale or chattel mortgage. Anthony's argues, nonetheless, that it is sufficient that the subject document is paraphed for identification with the bill of sale. Even assuming, without deciding, the correctness of appellant's contention, we need not reach this issue in light of the above conclusion that the third requisite had not been satisfied.