694 So.2d 424 (1997)
Eileen Armand, wife of/and Anthony J. DESTEFANO, Jr.
v.
Bettie Jean Harrison Loyd CRUMP.
No. 96-CA-951.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*425 Fred R. Defrancesch, LaPlace, for Appellant Bettie Jean Harrison Loyd Crump.
George Ann Hayne Graugnard, LaPlace, for Appellees Eileen Armand, Wife of/and Anthony J. Destefano, Jr.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Bettie Jean Harrison Loyd Crump, appeals from a judgment of $5,782.18, plus court costs, in this redhibition action rendered in favor of plaintiffs, Eileen Armand, wife of/and Anthony J. Destefano. For the reasons which follow, we affirm.
Plaintiffs purchased a home from defendant on October 18, 1993. Prior to the sale and as a condition of the sale, pursuant to a Veteran's Administration (VA) inspection, defendant had replaced the roof and either repaired or replaced toilets in the home. Nevertheless, upon moving into the home following the sale, plaintiffs discovered that the roof still leaked, the shower in the master bathroom did not drain and leakage in the bathrooms had caused rotting of the flooring in the bathrooms which had to be replaced. Plaintiffs allege that despite their continuous requests to cure the defects, defendant did not make the necessary repairs. Thus, plaintiffs were required to make the repairs at their expense and filed suit against defendant in redhibition, or in the alternative, for reduction of the purchase price.
After a judge trial on the merits on March 5, 1996, the trial court ruled in favor of plaintiffs. It was found that the evidence did not establish that defendant knew of the defects prior to the sale, but that the defects did exist prior to the sale. Thus, the trial court found that plaintiffs were entitled to a reduction in the purchase price and awarded them $5,782.18, plus court costs. In arriving at this sum, the trial court did not simply award plaintiffs the full amount of the repair costs, but rather, reduced the roof repair costs of $1656.00 by 10% and the bathroom repair costs of $5722.38 by 25%. The trial court noted that, to award plaintiffs the full amount, considering that the house was twenty-seven years old, would place them in a far better position absent the defective condition. It is from this judgment that defendant now appeals.
On appeal, defendant argues that the trial court erred in awarding a reduction in the purchase price, rather than ordering rescission of the sale. Defendant also argues that plaintiffs are not due a reduction in the purchase price because they could or should have determined the condition of the home prior to the sale.
Plaintiffs contend that reduction of the purchase price is an alternative remedy in a redhibition action, left to the discretion of the trial judge. The amount of the reduction is a matter of fact to be determined by the trial judge and not to be overturned on appeal absent a finding of manifest error. Further, they argue that the defects were latent and not discoverable by mere inspection, but only upon living in the home for a period of time. Plaintiffs had obtained a VA inspection and only the roof problems were discovered. Thus, plaintiffs contend that the trial court judgment was correct and supported by the record. We agree.
La. C.C. art. 2520, on the warranty against redhibitory defects, provides:

*426 The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
The law imposes on a seller the obligation of warranting the thing sold against its hidden defects, which are those defects which could not be discovered by simple inspection. Williamson v. Strange, 323 So.2d 875 (La.App. 2nd Cir.1975).
La. C.C. art. 2541, more specifically addresses when a price reduction may be awarded, rather than rescission of the sale, and provides:
A buyer may choose to seek only reduction of the price even when the redhibitory defect is such as to give him the right to obtain rescission of the sale.
In an action for rescission because of a redhibitory defect the court may limit the remedy of the buyer to a reduction of the price.
As noted in the comments to La. C.C. art. 2541, the price reduction that may be demanded under La. C.C. art. 2541 is the difference between the sale price and the price that a reasonable buyer would have paid if he had known of the defects. Capitol City Leasing Corp. v. Hill, 404 So.2d 935 (La.1981). One of the principal elements in formulating a reduction of the purchase price is the cost of repairs. Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116 (La.App. 1st Cir.1982). In sales of immovable property the amount to be awarded is the amount necessary to convert an unsound structure into a sound one. Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (La.1959).
The ultimate question of the existence of a redhibitory vice and the amount awarded for a reduction of the purchase price are questions of fact for the trial judge, which should not be disturbed in the absence of manifest error or abuse of the wide discretion afforded her. Doell v. Lachney, 544 So.2d 519 (La.App. 5th Cir.1989); Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980); Clinkscales v. Superior Pontiac GMC, Inc., 365 So.2d 895 (La. App. 4th Cir.1978). Here, plaintiffs petitioned in the alternative for either rescission of the sale or reduction of the purchase price. Under La. C.C. art. 2541, it was within the discretion of the trial judge to award a reduction in the purchase price rather than to order the sale rescinded. The trial court determined the amount of the reduction by looking to the cost of repairs and reducing that sum to an amount that would represent what the condition of the property should have been, absent the defects. She specifically determined that the defects were not known to the seller and were not discoverable by a mere inspection, but that they did exist at the time of the sale. We find nothing in this record to indicate that the trial judge was clearly wrong in her findings. To the contrary, the record amply supports the well reasoned judgment.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court with costs of the appeal to be borne by defendant.
AFFIRMED.