705 So.2d 1283 (1998)
FORD MOTOR CREDIT, Plaintiff,
v.
Don LAING, Defendant/Third Party Plaintiff-Appellee.
No. 30160-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
*1284 Travis M. Holley & Associates by Travis M. Holley, Bastrop, for Third Party Defendant-Appellant Bastrop Ford Lincoln-Mercury.
Scott E. McElroy, Bastrop, for Defendant/Third Party Plaintiff-Appellee Don Laing.
Before MARVIN, C.J., and GASKINS and PEATROSS, JJ.
PEATROSS, Judge.
In this suit by Plaintiff, Ford Motor Credit ("Ford"), to collect on a debt owed by Defendant/Third Party Plaintiff, Don Laing ("Laing"), Laing filed a third party demand naming Bastrop Ford Lincoln-Mercury *1285 ("Bastrop") as Third Party Defendant. The trial court rendered judgment in favor of Ford in the amount of the debt owed, $4,805.03, and also rendered judgment in favor of Laing on the third party demand in the amount of $2,500 together with attorney fees in the amount of $1,200. Bastrop appeals the judgment as it concerns the third party demand. For the reasons explained below, we amend the judgment and, as amended, affirm.

FACTS
On October 29, 1994, Laing executed a retail installment contract in the amount of $13,400.16 for the purchase of a 1990 Lincoln Continental from Bastrop. The contract was secured by a security interest on the vehicle in favor of any and all future holders of the contract. The contract was assigned by Bastrop to Ford.
Laing subsequently surrendered the car to Ford and executed a voluntary repossession agreement, dated March 28, 1995. The agreement states the value of the car as $5,485 and, in addition, states that Ford may sue to recover any balance owing on the debt after the repossession. Laing's account was credited with $5,485. After selling the vehicle at auction for $5,700, Ford sued Laing to recover $4,804.03, the balance owing on the debt.
Laing filed a third party demand naming Bastrop as Third Party Defendant. Laing claimed that the vehicle had such redhibitory vices and defects at the time of purchase, which were not readily discoverable upon reasonable inspection, as to render the vehicle useless for its intended purpose.[1] Laing further alleged that Bastrop informed him the car would be sold to pay off the loan and then sold the car for approximately one-half of the purchase price paid by Laing. Laing sought to recover the entire purchase price due to the redhibitory defects.
Trial on the merits was held on September 9, 1996. Bastrop did not appear for trial. The trial court awarded Ford the amount owing on the debt, $4,805.03. The trial court also found that Laing experienced problems with the vehicle "almost immediately" and had to pay for repairs. The trial court acknowledged that the original price of the vehicle was $9,591 and Bastrop sold it after repossession for only $5,700. The trial court awarded Laing diminution of the purchase price in the amount of $2,500 and attorney fees in the amount of $1,200. From this judgment, Bastrop appeals.

DISCUSSION
Bastrop argues that Laing (1) failed to show that the vehicle was unsuitable for the use intended or had redhibitory defects; (2) failed to establish that the repairs made to the vehicle were the result of any defect in the vehicle that existed at the time of purchase; and (3) failed to establish that the costs of repairs were associated with any defect that existed at the time of the purchase of the vehicle. We find merit, in part, in Bastrop's argument.

Action in Redhibition/Quanti Minoris
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice.[2] La. C.C. art. 2520; Holloway v. Gulf Motors, Inc., 588 So.2d 1322 (La.App. 2d Cir.1991). To prevail in such a proceeding, the plaintiff must also prove that the defect existed at the time of sale, and that he afforded the seller an opportunity to repair the thing. Savannah v. Anthony's Auto *1286 Sales, Inc., 618 So.2d 676 (La.App. 2d Cir. 1993), writ denied, 626 So.2d 1174 (La.1993).
In all sales transactions, the seller impliedly warrants that the thing sold is free of redhibitory defects and reasonably fit for its intended purpose. La. C.C. arts. 2475, 2476, 2520; Hob's Refrig. & Air Cond., Inc. v. Poche, 304 So.2d 326 (La.1974); Savannah, supra. Although not applying as extensively as with new products, this warranty requires that even used equipment operate reasonably well for a reasonable period of time. Savannah, supra.
A reduction in price may be awarded a purchaser where, although not warranting rescission, the thing purchased contains defects which diminish its value. Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691 (1958); Carroll v. Coleman, 27,861 (La.App.2d Cir. 1/24/96), 666 So.2d 1264. There must be evidence in the record to support a reduction of price. Sanders v. Sanders Tractor Co., Inc., 480 So.2d 913 (La.App. 2d Cir.1985); Davis v. Davis, 353 So.2d 1060 (La.App.2d Cir.1977), writ denied, 355 So.2d 549 (La.1978). The burden of establishing the amount of any reduction in the purchase price to which a buyer is entitled because of a redhibitory vice is upon the buyer. Coco, supra; Sanders, supra.
One of the principal factors in making an award in quanti minoris is the cost of repairing the defects, which under certain circumstances may be the only consideration. Where warranted, however, the court may determine what it believes to be the difference between the actual sales price and the price that a reasonable buyer and seller would have agreed upon had the specific defect been known to them at the time of the sale. Sanders, supra.
Minor defects alone do not constitute redhibitory defects. Even though vices may be minor or may have been repaired, multiple defects collectively may support redhibition. Young v. Ford Motor Co., Inc., 595 So.2d 1123 (La.1992); Arnold v. Wray Ford, Inc., 606 So.2d 549 (La.App. 2d Cir.1992).
The existence of redhibitory defects is a question of fact which should not be disturbed in the absence of manifest error. Arnold, supra.
We first examine the vehicular defects complained of by Laing. Laing testified that, within a week of purchasing the vehicle, the vehicle's starter required replacement, for which Laing paid Bastrop approximately $125. Laing stated that, during this repair, he was without use of the vehicle for a weekend. He further testified that, within a month of purchasing the vehicle, the vehicle blew a head gasket, which was replaced by Bastrop at a cost to Laing of approximately $500. Additionally, Laing testified that at the time the second payment on the car was due, the transmission started "slipping." No further evidence was presented, however, regarding the nature and effect of any transmission problems or repairs.
In his oral reasons for judgment, the trial judge noted that the vehicle experienced mechanical difficulties almost immediately after purchase and that Laing paid for the repairs to the starter and head gasket. The trial judge further stated that the vehicle was subsequently sold wholesale by Ford for approximately sixty percent of the retail price paid by Laing. The trial judge found Laing to be entitled to a reduction in the purchase price.
We cannot say the trial judge was manifestly erroneous in finding Laing entitled to a reduction in price due to the difficulties with the starter and head gasket. We do not find a reduction in the amount of $2,500, however, to be justified on the record before us. The evidence shows that Laing paid approximately $125 for the repair of the starter and approximately $500 for the repair to the head gasket. Laing is entitled, therefore, to a judgment in quanti minoris for $625. The record does not support, however, a reduction by an additional $1,875. While Laing testified to difficulties with the transmission, no evidence was presented to indicate whether this problem was due to a redhibitory vice or to other causes. We further note that no evidence was presented to prove the amount to which the actual purchase price should have been reduced had Laing proven the transmission to be a defect warranting further *1287 reduction. We amend, therefore, to reduce the award to Laing to $625, which represents the costs of repairing the starter and head gasket.

Attorney Fees
To recover attorney fees the buyer must prove knowledge of the defect by the seller. La. C.C. art. 2545; Williamson v. Strange, 323 So.2d 875 (La.App. 2d Cir.1975). In the instant case, Laing presented no evidence of actual or constructive knowledge of the defects by Bastrop. Since Bastrop was not shown to have had knowledge of the defects at the time of the sale, the trial court erred in allowing Laing attorney fees. We amend the judgment to delete the award to Laing of $1,200 in attorney fees.

CONCLUSION
For the foregoing reasons, we amend the judgment to award Laing a total of $625 as a reduction on the purchase price of the vehicle and to delete the award of attorney fees. Costs are to be divided equally between Laing and Bastrop.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] We note that the retail installment contract between Bastrop and Laing contained a "Waiver of Warranties" section in which the buyer could choose to waive the right to bring an action in redhibition. Laing did not, however, execute this portion of the contract.
[2] Pursuant to Acts 1993, No. 841, Section 1, the civil code articles on redhibition were revised effective January 1, 1995. Because the legislature expressly provided in Section 4 of Act 841 that the provisions of the act were to have prospective application only and not to affect any sales transaction executed before the effective date, we apply the pre-1993 amendment law, which was in effect at the time Laing purchased the vehicle. See Hart v. Jack Mims, Inc., 29,734 (La.App.2d Cir. 1997) 698 So.2d 742.