719 So.2d 623 (1998)
Mary Jane Dillard PARDUE, Plaintiff-Appellee,
v.
RYAN CHEVROLET, INC., Defendant-Appellant.
No. 31052-CA.
Court of Appeal of Louisiana, Second Circuit.
September 28, 1998.
*624 Gregory S. Moore, Monroe, for Defendant-Appellant.
Charles R. Joiner, West Monroe, for Plaintiff-Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
In this redhibitory action, the defendant, Ryan Chevrolet-Subaru, Inc.[1] ("Ryan Chevrolet"), appeals a trial court's judgment granting plaintiff, Mary Jane Pardue, a reduction in the sale price of a used vehicle. The trial court found that a redhibitory defect existed in the luxury vehicle that plaintiff had purchased from the defendant. For the following reasons, we affirm.

FACTS
On June 3, 1993, plaintiff, Mary Pardue, purchased a used 1991 Lexus LS400 automobile from defendant, Ryan Chevrolet for a total price of $35,395. Plaintiff and her husband, Roger Pardue, test drove the vehicle on several occasions prior to the purchase. Roger Pardue testified that, during a test drive, he noticed that the air conditioner was not producing cold air and he relayed this information to Mike Warren, a representative of Ryan Chevrolet. According to Roger Pardue, Warren informed him that the vehicle was under warranty and Ryan Chevrolet would repair the air conditioner.
Approximately one week after plaintiff purchased the vehicle, Warren picked up the vehicle from Roger Pardue's place of employment and took it to Ryan Chevrolet's service department to have the air conditioner repaired. Roger Pardue testified that when he went to pick up his wife's vehicle, Daryl Downs, the service manager, informed him that Ryan Chevrolet's service department was unable to repair the air conditioner. Downs also stated that, because the vehicle was under warranty, it would have to be taken to a Lexus dealer for repairs. According to Roger Pardue, he then spoke to Johnny Portman, the general manager, about the problem with the air conditioner and Portman offered to trade plaintiff's vehicle for another vehicle. Roger Pardue informed Portman that he would talk to plaintiff about the matter and notify Portman of her decision. Roger Pardue states that he later contacted Portman and informed him that plaintiff was willing to trade the vehicle that *625 she had purchased for another vehicle, but only if she was allowed to inspect the new vehicle before the exchange. According to Roger Pardue, Portman never responded to plaintiff's offer.
On June 18, 1993, plaintiff took the vehicle to Herrin-Gear Lexus, a Lexus dealer located in Jackson, Mississippi. She informed the service technician that the air conditioner was only producing hot air, the right front stereo speaker was rattling and the brakes were making a noise. In an effort to repair the vehicle, Herrin-Gear replaced an o-ring on the air conditioner, reconnected the compressor wire and ordered a new speaker.
On July 13, 1993, plaintiff again took the vehicle to Herrin-Gear complaining that the air conditioner was producing hot air and that the compressor was not coming on. After inspecting the vehicle, Herrin-Gear's technician discovered that the stereo system in the vehicle was not a factory-installed system. Plaintiff was informed that the air conditioner and the stereo system share the same wiring harness. The wiring harness for plaintiff's vehicle was designed to sustain the factory-installed Nakamichi stereo system, but not the Pioneer stereo system which had been installed in plaintiff's vehicle. Plaintiff was informed that, because the air conditioner and the stereo system were interrelated, the air conditioner would not function properly with the stereo system that had been installed in her vehicle. Plaintiff was also advised that because the stereo system in her vehicle was not the factory-installed system, the Lexus dealership would not honor the warranty and repair the air conditioner.
Plaintiff testified that she contacted Ryan Chevrolet and informed the company of the developments with the air conditioner. She requested that Ryan Chevrolet assist her in repairing the vehicle, but the defendant did not respond to her request. As a result, plaintiff's husband eventually "hot wired" the air conditioner and it began to operate properly. However, the air conditioner had to be "hot wired" every time it was turned on. Therefore, plaintiff left the air conditioner on continuously.
After discovering the problem with the air conditioning system, plaintiff claims to have discovered several other defects in the vehicle.[2] According to plaintiff, the headliner, the material from the top interior of the vehicle, began to fall. She also claims that there was static in the speakers, the speaker covers had fallen off, the paint had been scraped from the interior of the door panel and there were "runs" in the paint on the exterior finish. Plaintiff's husband repaired the speakers but was not successful in completely repairing the headliner. Plaintiff alleges that she made defendant aware of these defects prior to filing this lawsuit.
Plaintiff filed suit claiming that the vehicle was burdened with redhibitory defects and prayed for a recission of the sale of the vehicle. The trial court denied plaintiff's request to rescind the sale. However, the trial court allowed a diminution in the purchase price in the amount of $5,000. Defendant appeals.

DISCUSSION
Defendant contends that the trial court erred in finding that a redhibitory defect existed at the time of the sale of the vehicle. It argues that because the plaintiff was aware of the air conditioner problems prior to the sale, no redhibitory vice existed.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice. A defect is also redhibitory when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of *626 the price. LSA-C.C. art. 2520[3]; Ford Motor Credit v. Laing, 30,160 (La.App.2d Cir.1/21/98), 705 So.2d 1283.
To prevail in a redhibitory action, the plaintiff must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use so inconvenient that had he known of the defect, he would never have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3) the seller was given an opportunity to repair the defect. Granger v. Deville, 583 So.2d 583 (La.App. 3rd Cir.1991); Reid v. Leson Chevrolet Co., Inc., 542 So.2d 673 (La.App. 5th Cir.1989).
In all sales transactions, the seller impliedly warrants that the thing sold is free of redhibitory defects and reasonably fit for its intended purpose. LSA-C.C. arts. 2475, 2476, 2520; Ford Motor Credit v. Laing, supra; Savannah v. Anthony's Auto Sales, Inc., 618 So.2d 676 (La.App. 2d Cir.1993), writ denied, 626 So.2d 1174 (La.1993). Although this warranty does not apply as extensively as with new products, it requires that even used equipment operate reasonably well for a reasonable period of time. Ford Motor Credit v. Laing, supra; Savannah v. Anthony's Auto Sales Inc., supra.
In the present case, plaintiff complained of a defect in the luxury vehicle's air conditioner. However, it was eventually discovered that the actual defect in the vehicle stemmed from a replacement stereo system that had been installed at some time before plaintiff purchased the vehicle. The record reflects that plaintiff's husband made the defendant aware of the problem with the air conditioner prior to the purchase of the vehicle and the vehicle was returned to the defendant within a week of its purchase for repairs to the air conditioner. However, the defendant could not repair the defect. It was only after the vehicle was taken to a Lexus dealer for repair that a service technician was able to discover that the substituted stereo system was the actual defect in the automobile. Thus, the trial court's conclusion that the defect was not apparent and that plaintiff could not have discovered it with a simple inspection of the vehicle is supported by the record.
Defendant next contends that the trial court erroneously awarded plaintiff damages based on her inconvenience in the use of the vehicle. Defendant argues that the damages awarded were nonpecuniary damages. It asserts that because the trial court determined that the defendant was a good-faith seller, an award of nonpecuniary damages was prohibited by law.
In a redhibitory suit, the trial court has the discretion to order a reduction of the price instead of a rescission of the sale where the defect in the thing sold is such as to merely diminish the value. Dumond v. Houma Toyota, Inc.-A.M.C. Jeep, Inc., 470 So.2d 484 (La.App. 1st Cir.1985). The reduction in price which the trial court may decree is the difference between the sale price and the price a reasonable buyer and seller would have agreed upon if they had known of the defects. Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116 (La.App. 1st Cir.1982). There must be evidence in the record to support a reduction of the purchase price. Ford Motor Credit v. Laing, supra. The burden of establishing the amount of any reduction in the purchase price to which a buyer is entitled because of a redhibitory vice is upon the buyer. Ford Motor Credit v. Laing, supra; Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691 (1958). A party may prove the amount of damages or expenses to which he or she is entitled by testimony that he or she has paid the amounts, corroborated by the introduction into evidence of the bills paid and the identification of them as expenses incurred because of the opponent's default, without necessarily being required to introduce the testimony of those who performed the work or repairs. Sanders v. Sanders Tractor Co., Inc., 480 So.2d 913 (La.App. 2d Cir.1985).
The ultimate question of the existence of a redhibitory vice and the amount to be awarded as a reduction of the purchase price *627 are questions of fact for the trial court, which should not be disturbed in the absence of manifest error or abuse of its wide discretion. Ford Motor Credit v. Laing, supra; Destefano v. Crump, 96-951 (La.App. 5th Cir. 4/9/97), 694 So.2d 424.
The record supports the trial court's conclusion that the defect was not known to the seller and was not discoverable by a mere inspection, but it did exist at the time of the sale. Thus, plaintiff proved that a redhibitory defect existed in the 1991 Lexus automobile, and that the use of the vehicle was so inconvenient that had she known of the defect in advance, she would not have purchased the vehicle. The trial court also concluded that since the plaintiff continued to drive the vehicle on a regular basis, the defect in the vehicle did not merit a recission of the sale. The trial court then ordered a reduction in the purchase price.
Because plaintiff prayed for a recission of the sale, she did not present any evidence concerning the amount that she should receive as a reduction in the
purchase price. The trial court found that no evidence was presented during trial to establish the amount of damages. Therefore, the trial court gave the parties the option of either allowing the court to rule on an amount of damages based on the Pardues' testimony or allowing defendant to repair the defect and settle with the plaintiff on an amount of damages for the inconvenience and loss of use of the vehicle during the period of repair. The parties chose to allow the trial court to determine the amount of damages to be awarded as a reduction in the purchase price.
One of the principal factors in making an award in quanti minoris is the cost of repairing the defects, which under certain circumstances may be the only consideration. However, where warranted, the court may determine what it believes to be the difference between the actual sales price and the price that a reasonable buyer and seller would have agreed upon had the specific defect been known to them at the time of the sale. Sanders v. Sanders Tractor Co., Inc., supra; Robertson v. Coleman Oldsmobile, Inc., 451 So.2d 1323 (La.App. 1st Cir.1984); Cloud v. Huffman Motor Company, Inc., 416 So.2d 266 (La.App. 3d Cir.1982).
Contrary to the defendant's assertions, in determining the amount of the reduction in the sales price, the trial court considered the nature of the vehicle purchased and the purchase price. The trial court also concluded that plaintiff and her husband were inconvenienced by the use of the defective vehicle. The trial court specifically found that plaintiff's husband had to "hot wire" the air conditioning system of the luxury vehicle in order to operate the air conditioner. Apparently, the trial court concluded that the plaintiff would not have agreed upon the purchase price of this luxury vehicle had she known of the defect.
After a thorough review of the record, and considering the circumstances surrounding the case, we cannot say that the trial court was clearly wrong in awarding the plaintiff a $5,000 reduction in the purchase price. The fact that the trial court also considered the inconvenience caused the plaintiff by the use of the defective vehicle does not warrant a reversal of this decision. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant, Ryan Chevrolet-Subaru, Inc.
NOTES
[1] The plaintiff's pleadings incorrectly refer to Ryan Chevrolet-Subaru, Inc. as Ryan Chevrolet & Imports.
[2] The trial judge concluded that the other alleged defects that plaintiff discovered after tendering the vehicle for air conditioner repairs were never brought to Ryan's attention, and thus, Ryan had not been afforded an opportunity to repair them.
[3] The Civil Code Articles governing redhibition were revised pursuant to Acts 1993, No. 841, § 1, eff. Jan. 1, 1995. Because this case arose prior to the revisions, the law in effect prior to the revisions will be applied to this case.