JIJONES, Judge.
Plaintiffiappellant, Dr. Robert Smith Larimer, appeals the judgment of the district court, and seeks supervisory writs to review the judgment of the district court. The district court granted the defendants’ Peremptory Exception of No Cause of Action and No Right of Action. Following a review of the record, we reverse the judgment of the district court and remand for further proceedings.

*220
FACTS

Dr. Larimer entered into a purchase agreement with Frederick and Clystine Harper on August 19, 1998, for the purchase of a residential duplex that was located at 109-11 Egret Street in New Orleans. The residence was originally listed for $296,000 and was registered with Harper Group, L.L.C., a real estate company owned by Mr. Harper. An Agreement to Purchase was signed, and it included an “as is” clause along with a waiver of redhi-bition. A property disclosure form was also executed, which stated that the property at issue had previous termite damages and was under a current termite contract.
On March 2, 1999, after discovering that termites had eaten through the structure of the residence, Dr. Larimer filed a petition styled “Action to Reduce ^Purchase Price.” In his pleading, Dr. Larimer alleged that the Harpers and their alter ego, Harper Group, L.L.C., committed fraud by purposefully concealing the condition of the home until after the Act of Sale had been passed. He also alleged that the condition of the house could not have been ascertained by a simple inspection of the premises. Further, Dr. Larimer alleged that had he known of the condition of the house prior to the Act of Sale being passed he would have declined to purchase the residence. In conjunction with the above allegations, Dr. Larimer requested reimbursement of the purchase price, return of the settlement charges, a property tax refund, and the costs to repair the termite damage, which was estimated to be in excess of $112,000.
On April 22, 1999, the Harpers and Harper Group, L.L.C. (collectively referred to as “defendants”), filed a Peremptory Exception of No Cause of Action and/or No Right of Action.” The defendants argued that Dr. Larimer forfeited his right to damages from the termite infestation when he signed the Purchase Agreement and the Act of Sale. The defendants also argued that both agreements contained an “as-is” clause and a waiver of redhibition, which specifically stated that the buyer waived his right to damages in redhibition. Further, the defendants argued that the agreement required the buyer “to relieve and release the sellers from any and all claims for any vices or defects in said property, whether obvious or latent.”
Moreover, the defendants argued that Dr. Larimer had the opportunity to have the house inspected by a certified termite exterminator, but failed to do so. Consequently, when Dr. Larimer approached the Harpers about “possible” termite damage, the Harpers agreed to reduce the purchase price by $16,000 because of the prior termite infestation to the house. Thus, the defendants argue that once Dr. ^Larimer placed his signature on the Purchase Agreement and the Act of Sale documents, he forfeited his right to damages under the redhibition statutes. The district court agreed, and granted the defendants’ Exception of No Cause and/or No Right of Action. It is from this judgment that the plaintiff filed both the instant appeal and his application for supervisory writs

The sole issue before this Court is whether the district court erred in granting the Exception of No Right of Action and No Cause of Action in light of the As-is clause and the Waiver of Redhibition in the Act of Sale documents.

LSA-C.C. art. 2520 provides that the seller warrants the buyer against red-hibitory defects, or vices, in the thing sold. The existence of a redhibitory defect gives to the buyer the right to avoid the sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. Id.; see also Ford Motor Credit v. Laing, 30,160 (La.App. 2 Cir. 1/21/98), 705 So.2d 1283,1285. Also, if *221 the buyer proves that the defect existed at the time of the sale and the seller failed to repair the thing after being given an opportunity to do so by the buyer, then the buyer would be entitled to a reduction in the purchase price. See LSA-C.C. art. 2520.
At the outset, we note that an “as-is” clause found in sales transactions only notifies the buyer that the thing being sold is not in perfect condition or that it is not free of all defects which prior usage and age may cause. Id. In this case, however, we find that Dr. Larimer did in fact state a sufficient cause of action in his petition —in spite of the as-is clause in the Act of Sale and the Purchase Agreement.
14The exception of no cause of action tests the legal sufficiency of the petition; therefore, the court must determine whether the law affords a remedy for the particular harm alleged by the plaintiff. See Haspel & Davis Mill. & Planting Co. v. Levee Com’rs Bd., 98-1664 (La.App. 4 Cir. 3/31/99), 732 So.2d 113, 116, writ denied 99-1248 (La.6/18/99), 745 So.2d 29. When an exception of no cause of action has been asserted, all well pleaded factual allegations must be accepted as true. See DeBlanc v. International Marine Carriers, 99-0482 (La.App. 4 Cir. 12/15/99), 748 So.2d 649, 652, writ denied 2000-0470 (La.3/31/00), 759 So.2d 75; see also MD Care, Inc. v. Angelo, 95-2361 (La.App. 4 Cir.3/20/96), 672 So.2d 969, writ denied 96-0986 (La.5/31/96), 673 So.2d 1039.
According to the petition, Dr. Larimer argues that he should be entitled to a reduction in the original purchase price for the following reasons: (1) the termite-infested condition of the house was not visible from a simple inspection; (2) the sellers did not disclose to him that the house was previously treated for termites; and (3) had he known of the condition of the house prior to the Act of Sale he would not have made the purchase. While the defendants’ continuous references to evidence in support of the district court’s decision to grant the exception of no cause of action may be valid in other summary proceedings, we find such evidence to be immaterial in our conclusion in this matter since the petition itself is the only item under review. Therefore, we find that pursuant to LSA-C.C. art. 2520, Dr. Larimer does have a valid cause of action for a reduction of the purchase price against the defendants.
As it relates to whether Dr. Lar-imer had a right of action against the sellers, we find that Dr. Larimer was the proper person to seek recovery for the purchase of the defective house. A peremptory exception of no right of action tests whether 1 .¡plaintiff has any interest in judicially enforcing the right asserted, but it does not raise question of plaintiffs ability to prevail on merits nor question whether defendant may have a valid defense. Jackson v. Slidell Nissan, 96-1017 (La.App. 1 Cir. 5/9/97), 693 So.2d 1257, 1261. However, the primary question is whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. Id. Because Dr. Larimer is the only buyer of the house in the instant case, we find that he does fall within the class of individuals to whom the law grants a remedy under redhibition.

DECREE

For the foregoing reasons, we reverse the judgment of the district court, deny the Peremptory Exceptions of No Cause of Action and No Right of Action, and remand for further proceedings consistent with our decree.

REVERSED AND REMANDED.

ARMSTRONG, J., CONCURS IN THE RESULT.
PLOTKIN, J., CONCURS WITH WRITTEN REASONS.