**NEW ORLEANS ASSETS, L.L.C.**

v.

**CARL E. WOODWARD, L.L.C., et al.**

No. Civ.A. 01–2171.

United States District Court,
E.D. Louisiana.

Feb. 5, 2003.

Richard P. Richter, James M. Garner, Martha Y. Curtis, Emma E. Daschbach, Sher Garner Cahill Richter, Klein McAlister & Hilbert, LLC, New Orleans, LA, Christopher Walt, Christopher Walt, Attorney at Law, La Jolla, CA, for New Orleans Assets, L.L.C., plaintiff.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, defendant.

Marshall Mc Alis Redmon, William Bowen McRae, Jr., Phelps Dunbar, LLP, Baton Rouge, LA, Michael David Kurtz,

Shaw Norton, LLP, New Orleans, LA, for Atha Architecture, P.C., defendant.

Glenn Paul Orgeron, Benjamin R. Grau, Thomas A. Porteous, Terrance Anthony Prout, Lemle & Kelleher, LLP, New Orleans, LA, for Ellis Co Inc, defendant.

Leonard L. Kilgore, III, David Kimberly Nelson, Erich Phillip Rapp, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA, Julie Parelman Silbert, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Energy Centre, New Orleans, LA, Terrence D. McCay, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Lake Charles, LA, Yul D. Lorio, Yul D. Lorio, Attorney at Law, Lake Charles, LA, for Omnova Solutions Inc, defendant.

Howard Louis Murphy, Victor John Franckiewicz, Jr., Anne Burguieres Rappold, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Associated Design Group, Inc., defendant.

Elliot Ross Buckley, Jr., Kingsmill Riess, LLC, New Orleans, LA, for Commercial Painting Company, Inc., defendant.

Donald Edward McKay, Jr., Leake & Andersson, LLP, Energy Centre, New Orleans, LA, J. Ashley Inabnet, Mark W. Mercante, Mark Wayne Frilot, Shaw Norton, L.L.P., Mandeville, LA, for Perez Ernst Farnet, a Professional Corporation, Architects and Engineers, (incorrectly named as Perez Farnet Ernst) fka Perez Ernst Farnet Architects and Planners, defendant.

Dennis J. Phayer, Burglass & Tankersley, L.L.C., Metairie, LA, for Louisiana Insurance Guaranty Association, defendant.

Marshall Mc Alis Redmon, William Bowen McRae, Jr., Edward Winter Trapolin, Krebs, Farley & Pelleteri, LLC, New Or-

leans, LA, Michael David Kurtz, for Alan Paul Atha, defendant.

Julie Parelman Silbert, Terrence D. McCay, Yul D. Lorio, for Muraspec North America LLC fka Gilman Wallcovering, defendant.

Edward D. Markle, Markle & Associates, APLC, New Orleans, LA, for Eykon Wall Source, Inc. fka Arton South Inc dba Arton South Inc, defendant.

Howard Bruce Kaplan, Robert A. McMahon, Jr., Ann Marie Sico, Bernard, Cassisa, Elliott & Davis, Metairie, LA, for Patton Wallcoverings, Inc., defendant.

Jon A. Gegenheimer, Edward D. Markle, (See above), Markle & Associates, APLC, New Orleans, LA, for Arton South Corporation, (Incorrectly sued as Eykon Wall Source Inc. a/k/a Arton South Inc.) aka Eykon Wall Source, Inc., defendant.

Fred Turner Hinrichs, U.S. Attorney's Office, New Orleans, LA, for United States of America, on behalf of its agency, the Federal Bureau of Investigations, movant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

David Ira Bordelon, Matthew J. Ungarino, Wayne Robert Maldonado, Ungarino & Eckert, LLC, Metairie, LA, for Legion Indemnity Company, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Thomas Joseph Eppling, Craig Wren Brewer, Robin Hoban Vogt, Staines & Eppling, Metairie, LA, for Western Waterproofing Company, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P.,

Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Lawrence Jude Boasso, Waller & Associates, Metairie, LA, for Travelers, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Lawrence J. Duplass, Kelly Cambre Bogart, Louis Oliver Oubre, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, for Automated Logic, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Troy Nathan Bell, Glenn Lyle Maximilian Swetman, Robert P. Vining, Francesca A. Bridges, Aultman, Tyner, Ruffin & Yarborough, Ltd., New Orleans, LA, for Sunbelt Controls, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

David Joseph Krebs, Maura Zivalich Pelleteri, Thomas Matthew Beh, Sarah S.W. Mahoney, Krebs, Farley & Pelleteri, LLC, New Orleans, LA, for Hardin Construction Company, Inc., third-party defendant.

Lawrence J. Hand, Jr., Thomas A. Porteous, for A–1 Glass Services, Inc., third-party defendant.

## ORDER & REASONS

FELDMAN, District Judge.

Before the Court is defendant OMNOVA Solutions, Inc.'s Motion for Summary Judgment as to Redhibition Liability. For the following reasons, the motion is DENIED.

## I.

New Orleans Assets, L.L.C. owns the building leased to the FBI for its New Orleans Regional Headquarters. The building was constructed according to specifications furnished by the FBI through the U.S. General Services Administration. The building's vinyl wall covering, manufactured by OMNOVA, was selected by representatives from NOA, GSA, the general contractor Carl E. Woodward, L.L.C., and Atha Architecture. After construction, the building was beset by mildew and leaks. NOA sued numerous insurers, contractors, and product manufacturers, including OMNOVA. NOA's suit against OMNOVA alleges redhibition, fraud, and negligent misrepresentation. OMNOVA now moves for partial summary judgment on the redhibition claim.

## II.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judg-ment is appropriate. *Id.* at 249–50, 106 S.Ct. 2505. Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *See Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

## III.

■ Under Louisiana law, sellers impliedly warrant buyers against redhibitory defects, or vices, in the thing sold. La. Civil Code art. 2520. Moreover, sellers are deemed to know that the thing they sell has redhibitory defects when they are also the manufacturer of that thing. La. Civil Code art. 2545. Liability in redhibition occurs when: 1) the seller sold a thing to the plaintiff and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had the plaintiff known of the defect, he would never have purchased it; 2) the thing contained a non-apparent defect at time of sale; and 3) the seller was given an opportunity to repair the defect. *See, e.g., Ford Motor Credit v. Laing,* 705 So.2d 1283, 1285 (La.App. 2 Cir.1998); *Jackson*

*v. Slidell Nissan,* 693 So.2d 1257, 1262 (La.App. 1 Cir.1997).

OMNOVA contends that the redhibition articles are not applicable, as a matter of law, because its wall covering did not contain a hidden defect.[1] La. Civ.Code art. 2521; *Ford Motor Credit,* 705 So.2d at 1285. In Louisiana, a buyer is under a duty to make an inspection for defects that is reasonable in light of all the circumstances surrounding the sale. *See, e.g., Pursell v. Kelly,* 244 La. 323, 152 So.2d 36, 41 (La.1963); *Crow v. Laurie,* 729 So.2d 703, 707–08 (La.App. 1 Cir.1999). Whether an inspection is reasonable depends on the facts of each case and includes such factors as the knowledge and expertise of the buyer, the opportunity for inspection, and the assurances made by the seller. *See Merlin v. Fuselier Const., Inc.,* 789 So.2d 710, 715 (La.App. 5 Cir.2001); *see also Lemaire v. Breaux,* 788 So.2d 498, 501 (La.App. 5 Cir.2001)(requiring the buyer to conduct an investigation that "would be conducted by a reasonably prudent buyer acting under similar circumstances").

OMNOVA has offered evidence that NOA was highly sophisticated, and that it had extensive time to inspect the vinyl wall covering.[2] OMNOVA also asserts that the media has thoroughly documented the relationship between vinyl wall covering and mold. This evidence, however, does not establish that the defect was apparent as a matter of law.

For instance, real estate expert Patrick Eagan testified that the correlation between vinyl wall covering and mold was not publicly known during the 1990's. Moreover, a trier of fact could conclude that NOA's inspection of the wall covering was reasonable considering OMNOVA's assurances.[3] Finally, Mr. Risi's report cannot be ignored. Thus, a genuine issue of fact strongly exists as to whether the wall covering's defect was apparent or not.

Accordingly, OMNOVA's Motion for Summary Judgment as to Redhibition Liability is DENIED.

1. OMNOVA has not produced evidence that NOA would have purchased the wall covering even if it had known of the defect. Thus, OMNOVA's summary judgment motion rests upon the apparency of the defect.

2. The OMNOVA vinyl wall covering was selected in October 1998; samples of the wall covering were submitted to CEW's painting and wall covering subcontractor in January 1999; and the wall covering was installed in the FBI Building in August 1999.

3. OMNOVA's warranty stated that the vinyl-wall covering "shall not ... support the growth of mildew when [it is] installed on sound wall, adequately maintained and used under normal conditions."