|,SOL GOTHARD, Judge.
In this redhibition matter defendant, Pelican Computer, L.L.C. (Pelican), appeals an adverse judgment of the trial court casting it in judgment to plaintiff for the amount of a computer. For reasons that follow, we affirm.
Plaintiff, Thomas P. Anzelmo, Jr., purchased a computer from Pelican on October 4, 2000 for $1,970.00. He experienced numerous problems with the computer including fatal errors and CD-ROM errors. He attempted to return the computer for a refund in January of 2001, to no avail. For three months employees of Pelican apparently attempted to fix the problems but were unable to do so. In April Mr. Anzelmo wrote a demand letter to Pelican stating that he wanted a refund, not the return of the computer. When no refund was made, Mr. Anzelmo filed this action in redhibition, alleging the computer was defective and not reasonably fit for its intended use.
At trial, the parties stipulated to the purchase date and price, and the original return for repair. Matthew Parker, the Pelican sales representative who sold Mr. Anzelmo the computer, testified at trial. He stated that Mr. Anzelmo wanted the computer to play games and he requested that Mr. Parker help him design the components. A Windows 2000 operating system came with the computer, and Mr. Parker suggested adding a high-resolution video card, as well as more RAM and memory. Mr. Parker ordered the computer from Pelican and delivered it to, and | ¡¡installed it in, Mr. Anzelmo’s home. At that time, an attempt to load a computer game failed because the computer did not recognize the CD-ROM drive. Mr. Parker was unable to fix the computer and it was not working when he left.
Kevin Hoffman, who was subsequently employed as a computer technician with Pelican, testified that he was at Mr. Anzel-mo’s home when the computer was delivered. Mr. Hoffman was familiar with computers and software setup, and actually did the setup on Mr. Anzelmo’s computer. The computer was working fine; however, all attempts to install the game, “Age of Empires”, were unsuccessful. Mr. Hoffman further stated that he personally has that specific game and runs it successfully on Windows 2000.
Plaintiff testified that he went to Mr. Parker, who was a personal friend, to get a “higher-end” computer for his home. Mr. Anzelmo explained that he was currently using his grandfather’s computer and needed one for himself. He is an attorney and typed many documents at home, but also wanted to play games which required a faster computer with more RAM. Mr. Anzelmo went to Pelican and discussed the various components needed with Mr. Parker. The computer was ordered and later delivered to Mr. Anzelmo’s home on October 4, 2000. Mr. Parker and Mr. Hoffman came and installed the computer, but could not install a game. Mr. Anzelmo explained that Colleen Parker, the office manager for Pelican, is a neighbor. After the unsuccessful attempts to install games on the computer, Mr. Anzelmo dropped the computer off at Ms. Parker’s house for delivery to Pelican. It is clear from Mr. Anzelmo’s testimony that gaming was his primary purpose for purchasing the computer, and that he would not have purchased it if he knew it would not run the games. Mr. Anzelmo further testified that he returned the computer to Pelican several times, and was told that the CD-ROM drive and the CD re-writable drive were both replaced. However, the computer *661 still would not run the games. Mr. Anzel-mo has not received a refund on the computer.
|40n cross-examination, defendant confronted Mr. Anzelmo with answers to request for admissions. One of those requests was for an admission that there were no defects in the computer when it was delivered. In answer, Mr. Anzelmo denied the admission and stated that the “computer was unable to boot at the initial installation.” At trial, Mr. Anzelmo testified that the denial was correct, but the explanation of the denial in the answer was not.
Gerald Martinez, Jr., the Chief Operating Officer of Pelican, testified that he discussed Mr. Anzelmo’s request for a computer with Mr. Parker. Mr. Martinez, understood that Mr. Anzelmo wanted a home computer on which to work and play games. Consequently, he recommended an upgrade on the video card and a bigger hard drive. Mr. Martinez also testified that Mr. Anzelmo requested Windows 2000, which is a business application, not a multimedia platform. Mr. Martinez stated that he discussed the different applications with Mr. Parker, but after further discussions Mr. Anzelmo decided to go with Windows 2000. Mr. Martinez also explained that Mr. Parker was employed as a salesperson, not a computer technician, and when Mr. Parker installed the computer he was acting as a friend and did not represent Pelican. Mr. Martinez acknowledged that the computer was returned with complaints of trouble loading a game. Mr. Martinez stated that the original problem was a drive source conflict between the CD-ROM and the CD re-write drives. Those issues were resolved and the computer was tested. However, Mr. Martinez admitted that there was no attempt to load the game. When the computer was returned a second time, the problem was caused by a game called “Castle Wolfen-stein” that had an older version of “DirectX” that is embodied in the Windows 2000. Thus, any attempt to load it corrupted the newer software.
After hearing the evidence the trial court ruled in favor of plaintiff, finding that the “computer did not perform for its intended use.” Subsequently, the ruling was reduced to judgment and defendant filed this appeal.
| ¡¡Before we consider the merits of the appeal, we will review a “Motion to Strike Appellant’s Original Brief, Motion for Contempt of Court, and for Sanctions,” filed by plaintiff. In the motion Mr. An-zelmo cites several instances in defendant’s brief in which defendant avers that Mr. Anzelmo and Mr. Parker committed perjury and/or suborned perjury. Mr. Anzelmo notes that perjury is a felony and the accusations made in defendant’s brief are a violation of Rules 2-12.4 and 2.12.13 of the Uniform Ruled Courts of Appeal.
Louisiana courts seek to minimize the contention inherent in the adversarial process, and attempt to foster civility and professionalism in the administration. The rules of court show that intent. Rule 2-12.4 prohibits “vile, obscene, obnoxious, or offensive expressions,” We find that the accusations of perjury and suborning perjury in defendant’s brief rise to this level. The accusations made in defendant’s brief constitute accusations of commissions of felonies.
Whether to impose sanctions is within the discretion of this Court. We chose not to hold counsel in contempt of this Court. However, in accordance with Rule 2-12.4, we hereby strike those portions of defendant’s brief which are in violation of that rule, and we admonish defendant’s counsel to abide by our rules, and to consider the consequences of making future accusations *662 of criminal behavior against parties to litigation in brief to this Court.
We will now address the merits of the remainder of defendant’s brief. La. C.C. Art. 2520 provides in pertinent part as follows:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
Under La. C.C. Art. 2475, there is an implied warranty afforded to the buyer that the goods sold are reasonably fit for the purpose intended by both parties to sale. | fiTo prevail in redhibition, the plaintiff must also prove that the defect existed at the time of sale, and that he afforded the seller an opportunity to repair the thing. Ford Motor Credit v. Laing, 30,160 (La.App. 2 Cir. 1/12/98), 705 So.2d 1283.
Here, the trial judge heard the testimony, weighed the credibility and found that the computer was not useful for the purpose intended by the buyer. This constitutes a factual determination by the trial court which will not be overturned by this Court absent an abuse of discretion. Dailey v. The Home Furnishings Store, 02-1225 (La.App. 4 Cir. 9/17/03), 857 So.2d 1051.
It is clear from the testimony that Mr. Anzelmo wanted a computer for the primary purpose of gaming. This fact was acknowledged by defendant. It was also established at trial that the computer was returned on several occasions to afford defendant an opportunity to repair or reconfigure the computer to meet its intended use, to no avail. Given the facts of this matter, we find no abuse of discretion in the trial court’s findings of fact. Accordingly, we affirm the trial court’s judgment and assess all costs of this appeal to defendant.

AFFIRMED.